"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land;

"(3) Proceedings to acquire title to land by virtue of any tax sale;

"(4) Proceedings by way of execution, attachment, or garnishment;

"(5) Proceedings to sell land under or in satisfaction of any judgment or mechanic's lien; and

"(6) Seizure, distress, sale, or other proceedings under an execution or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage."

The files and records in this case do not show that there has been a confirmation or other disposition of any composition or extension proposal by the debtor, or that there has been any grant of permission by this court for the institution or maintenance of any proceeding against the debtor or his property in the state court.

On behalf of the sheriff and D. P. Dow, as respondents to the application for the injunction, it is urged that this section of the Bankruptcy Act does not apply, because the confirmation of sale terminated the title of the debtor to the property involved, and vested the title in D. P. Dow as the purchaser. By the terms of the section above quoted, the proceedings which may not be instituted or maintained are described as those "against the farmer or his property" and "in any court or otherwise" and are not confined to those that are against his property or to proceedings in court. The proceedings covered by section 75 (o) (2), as amended, 11 USCA § 203 (o) (2), include those "for recovery of possession of land," and the execution of the writ of assistance would be a proceeding for the recovery of the possession of land from the petitioner. In this view it is unnecessary to determine at this time the effect of the proceedings in the state court after the debtor's petition was filed in this court. Some objections have been made based upon the theory that section 75 (s) of the Bankruptcy Act (11 USCA § 203 (s) is unconstitutional legislation, but it does not appear that the debtor has taken any proceedings under section 75 (s). An injunction will be granted against further proceedings under the writ of assistance, unless the permission of the court of bankruptcy is first obtained pursuant to the terms of section 75 (o), as amended.

Robert R. Hastings, of Crete, Neb., and Perry, Van Pelt & Marti, of Lincoln, Neb., for bankrupt.

McKillip & Barth, of Seward, Neb., for respondents.

MUNGER, District Judge.

The facts in this case are essentially the same as in the case of In re Joseph W. Kalina (D. C.) 9 F. Supp. 170, in which an opinion is filed of this date, except that the debtor in this case filed an amendment to his petition in this court, alleging that he has failed to obtain the acceptance of a majority in number and amount of his creditors whose claims were affected by a composition or extension proposal; and that he desires to obtain the benefits of section 75 (s) of the Bankruptcy Act (11 USCA § 203 (s). After the sheriff's sale of his lands, an unconditional confirmation of the order of sale was entered, and the sheriff executed and delivered to the other respondents a sheriff's

deed to the lands, which was placed of record. A writ of assistance was then issued, and the petitioner seeks an injunction against the enforcement of this writ by the respondent sheriff.

For the reasons stated in the opinion filed in the Kalina Case, an injunction should issue to prevent the execution of this writ, unless the fact of filing of the amendment to the debtor's petition, asking to be adjudicated a bankrupt under the terms of section 75 (s), 11 USCA § 203 (s), makes the terms of section 75 (o), as amended, 11 USCA § 203 (o), inapplicable.

Section 75 (o) of the Bankruptcy Act, as amended, 11 USCA § 203 (o) provides: "(o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court."

It appears in this case that the proceeding sought to be enjoined is one for recovery of possession of land, that it is sought to be maintained after the filing of the debtor's petition in this court under section 75 (c), as amended, 11 USCA § 203 (c) and it also appears that there has been no confirmation or other disposition by the court of any composition or extension proposal. The right to an injunction is therefore clearly conferred by the terms of section 75 (o), as amended, 11 USCA § 203 (o), and an order will be entered accordingly.

## THE GOLDEN STAR.
### No. 21535.

District Court, N. D. California, S. D.
Dec. 21, 1934.

C. H. Fish, of San Francisco, Cal., for plaintiff.

Brodbeck, Phleger & Harrison, of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Libelant filed suit "in rem and in personam," based on a charge of negligence resulting in alleged personal injuries, for which damages were sought in the sum of $50,000. While the amount sued for is large, we know that litigants in personal injury cases frequently make claim for large damages and thereafter settle for smaller amounts. The suit is for a tort in which the damage is indeterminate, and there is always uncertainty as to the facts of the case and the verdict or judgment. Purcell v. Lincoln, 20 Fed. Cas. page 64, No. 11,471; Swanson v. Chicago, St. P. & K. C. Ry. Co. (C. C.) 35 F. 638.

Before trial, libelant settled his case with respondents without the knowledge of his proctor. Upon representation to the court that "respondents entered into a covinous, fraudulent, and collusive settlement with libelant for the sole purpose of cheating and defrauding the proctor for libelant out of his fees, costs, and disbursements and moneys advanced to libelant," an order was made permitting the proctor to prosecute the suit in the name of the libelant for recovery.

Upon hearing, the evidence failed to sustain the representations of the proctor. The settlement was made wholly upon the initiative of libelant, and without knowledge of counsel on either side. Libelant wrote a let-