174

## In re CHABOYA.
### No. 25157.

District Court, N. D. California, S. D.
Dec. 17, 1934.

Keyes & Erskine, of San Francisco, Cal., for petitioner, E. B. Anderson.

ST. SURE, District Judge.

The debtor, Benjamin F. Chaboya, was indebted to the petitioner, E. B. Anderson, in the sum of approximately $12,000. This indebtedness was secured by a mortgage on certain real property owned by Chaboya. On May 25, 1933, Anderson commenced foreclosure proceedings in the state court, and on August 21, 1933, secured judgment and decree of foreclosure. Pursuant to the decree of foreclosure, the commissioner appointed by the state court sold the property to Anderson for $12,074.80, being the entire amount due under the mortgage plus expenses of sale. Thereafter, on August 18, 1934, Chaboya filed a petition under section 75 of the Bankruptcy Act, as amended (11 USCA § 203), whereupon this court made orders approving and referring the matter to the conciliation commissioner. On September 11, 1934, certified copies of both orders were served upon the commissioner, who regarded them as restraining him from executing a deed of the property to Anderson. The period of redemption under the foreclosure expired on September 16, 1934. Anderson petitions for an order of this court adjudging that neither this court nor the conciliator has any jurisdiction of the real property or any part thereof.

The decision in this matter turns upon the question whether Anderson was a creditor of Chaboya on August 18, 1934, when Chaboya filed his petition under section 75 of the Bankruptcy Act.

Section 700 of the California Code of Civil Procedure provides that "upon a sale of real property, the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto." Only a right of redemption is left in the mortgagor. "If a redemption is made by the mortgagor it is not from the lien of the mortgage, but from the sale under the judgment, and the amount which he is required to pay under such redemption is not the amount of the mortgage, but the amount for which the property was sold." Duff v. Randall, 116 Cal. 226, 230, 48 P. 66, 67, 58 Am. St. Rep. 158. By the foreclosure proceedings and the sale of the mortgaged premises for the full amount of the debt and judgment, the debt was fully extinguished and Chaboya was no longer a debtor of Anderson. Reynolds v. London, etc., Insurance Co., 128 Cal. 16, 19, 20, 60 P. 467, 79 Am. St. Rep. 17. After a foreclosure sale and before redemption, the judgment debtor has neither legal nor equitable title to the property sold, but merely a statutory privilege to redeem which is "not property in any sense." Brown v. Timmons, 79 Mont. 246, 256 P. 176, 178, 57 A. L. R. 1122. The fact that Chaboya remained in possession of the property during the period of redemption, and that thereby a new obligation was created in favor of Anderson for the value of the use and occupation (section 707, California Code of Civil Procedure) does not change the status of the property nor the relation of the parties as hereinabove stated.

I am of the opinion that when Anderson acquired title at the foreclosure sale, the rela-

tion of creditor and debtor between Anderson and Chaboya ceased, and that thereafter neither this court nor the conciliator had jurisdiction of the real property involved herein.

Petitioner may have an order in accordance with the views herein expressed.