**In re KNAUFT.**

No. 23696.

District Court, S. D. California, Central Division.

May 3, 1935.

W. Eugene Craven and Walter J. Little, both of Los Angeles, Cal., for debtor.

Nichols, Cooper & Hickson, of Pomona, Cal., for Louisa O. Spence, judgment creditor.

D. W. Richards, of San Bernardino, Cal., United States Referee in Bankruptcy.

JAMES, District Judge.

The debtor herein on August 16, 1934, filed her petition under the provisions of section 75 of the Bankruptcy Act, as amended, 11 USCA § 203, alleging that she was a farmer and seeking composition and extension with her creditors. She made an offer to the creditors at a meeting held before the conciliation commissioner, which was refused, whereupon she amended her petition to take advantage of the provisions of subdivision (s) of the same section. The referee, on the motion of Louisa O. Spence, dismissed the petition on the ground that the court had no jurisdiction over the alleged farm property involved. The debtor thereupon brought her petition to the court for review of the referee's order. Argument was made on the part of the debtor and the moving petitioner and the matter submitted for decision.

The admitted facts are that Louisa O. Spence held a first mortgage against all of the ranch properties scheduled by the debtor. That mortgage, on November 27, 1933, was foreclosed by a decree entered in the superior court of the state of California, and on December 30, 1933, sale was had under the foreclosure decree and a certificate of sale issued to the mortgagee, Louisa O. Spence. It was approximately eight months after the certificate of sale was issued that the debtor filed her petition to have the advantages of the provisions of section 75 of the Bankruptcy Act, as amended. The question presented is: At the time debtor filed the petition last referred to, was she the owner of the property which she sought to have brought under the jurisdiction of the conciliation commissioner? The question at issue must be solved by looking to the state law to determine just what is the interest of a mortgagor after a foreclosure sale has been had and certificate of sale issued to the purchaser. Under the provisions of section 700 of the Code of Civil Procedure of the State of California, a purchaser at a foreclosure sale acquires all the right, title, and interest of the mortgagor,

subject only to right of redemption provided for under the provisions of section 702 of the same Code. This right of redemption must be exercised within twelve months after the foreclosure sale. The question here considered has been ruled upon in the District Courts of several districts of the United States. Judge St. Sure in the Northern District of California, in the case of Chaboya, 9 F. Supp. 174, held that under the California law after foreclosure sale: "The judgment debtor has neither legal nor equitable title to the property sold, but merely a statutory privilege to redeem which is 'not property in any sense.'" In the case In re Nelson (D. C.) 9 F. Supp. 657, 661, Judge Wyman, of the South Dakota District, considered the Dakota law applicable and held that under the law of that state the mortgagor held "the bare legal title, coupled with the statutory right of possession and the right of redemption within the time allowed by statute." The court proceeded to further state: "These are valuable property rights, and the bankruptcy court undoubtedly has jurisdiction over them, but they are rights which will be lost if the right to redeem is not exercised within the time allowed by the statute. That time cannot be enlarged or extended by the bankruptcy court, and upon the expiration of the redemption period, in the absence of redemption, the property interests of the debtor in the real estate are lost." The court in the case last cited, notwithstanding that the conclusion was made that under the law of the state a mortgagor after foreclosure possessed a "bare legal title," held that the bankruptcy court would be powerless to extend the period of redemption. In Re Duffy (D. C. E. D. Ill.), 9 F. Supp. 166, 168, Judge Lindley considered a phase of the question presented here, but his conclusions were based upon the Illinois law, which he states to be that, "After a foreclosure sale, the owner of the equity of redemption still has precisely the same estate that he had prior to the decree of foreclosure." As has been noted, the California law is explicit in its declaration that after foreclosure sale the purchaser acquires the title to the property. It may be agreed that the right of redemption is property, but by that assumption it cannot be assumed that the holder of that right may be placed in the position of an owner of his farm land so as to authorize the bankruptcy court to deal with it in any way as to affect the rights of the purchaser at the foreclosure sale. As was said in the Nelson Case, supra, where the court construed the South Dakota law as leaving vested in a mortgagor a legal title of some quality and a right of possession and redemption within a specified time, the bankruptcy court would be powerless to make any order enlarging the period of redemption. And so in a case where a petitioner under section 75, as amended, has farm property other than that against which foreclosure decree has gone, it may be that the right of redemption in property which has been sold under foreclosure may be dealt with in the interest of creditors. But here the only farm property which is set out in the schedules is that affected by the mortgage and foreclosure sale of Louisa O. Spence. The alleged ownership of that property was the only thing that would entitle petitioner to the claim that she possessed the character of a "farmer." An added fact here, which was omitted in the foregoing statement, is that the period of redemption has expired and the proper conveyance made to the purchaser after the filing of the petition under section 75, as amended, by the debtor. All interest of the debtor in the land is gone and there is nothing left for the court to act upon under the conditions specified in section 75 as amended or § 75 (s), 11 USCA § 203 or § 203 (s).

It follows that the order of the referee dismissing the petition of the debtor must be confirmed, and it is so ordered. An exception is noted in favor of the debtor.