**In re FABER.**

No. 33674.

District Court, W. D. Washington, N. D.

July 25, 1935.

Lloyd W. Shorett, of Seattle, Wash., for debtor.

James Zylstra, of Coupeville, Wash., for creditor, Karl Koehler.

BOWEN, District Judge (after stating the facts as above).

The court is mindful that the statute, section 75 (o) of the Bankruptcy Act (11 USCA § 203 (o), relied upon by the debtor to protect him in his possession of his farm, contemplates that the court will entertain questions relating to the further possession of land "after hearing and report by the conciliation commissioner," and that no formal report from the conciliation commissioner is on file herein; but all of the facts which a report from the commissioner could show are disclosed in the briefs of counsel and otherwise by the record herein, and counsel for the respective parties make no objection to the court determining the question of possession now presented.

■ Whether the debtor, whose farm had been sold on mortgage foreclosure, but whose right of redemption and possession had not expired at the time of filing petition under Bankruptcy Act, § 75 (s), 11 USCA § 203 (s), had any property that could be brought under the jurisdiction of the conciliation commissioner, must be determined according to state law. In re Knauft (D. C.) 10 F. Supp. 785; In re Chaboya (D. C.) 9 F. Supp. 174. The same principle applies to petitions under section 75 (a–r) of the act, as amended, 11 USCA § 203 (a–r).

In discussing the rights of the mortgagor after foreclosure sale, Judge Wyman of the South Dakota District, in the case of In re Nelson (D. C.) 9 F. Supp. 657, at page 661 (par. 1–3), said: "These are valuable property rights, and the bankruptcy court undoubtedly has jurisdiction over them, but they are rights which will be lost if the right to redeem is not exercised within the time allowed by the statute. That time cannot be enlarged or extended by the bankruptcy court, and upon the expiration of the redemption period, in the absence of redemption, the property interests of the debtor in the real estate are lost."

The court in the Nelson Case, supra, although concluding that under the state law there involved a mortgagor after foreclosure possessed a "bare legal title," held that the bankruptcy court would be powerless to extend the period of redemption. Neither the Bankruptcy Act nor the law of this state gives to the mortgagor any right of possession of real estate after the expiration of the period of redemption.

Although the California law, under which the Chaboya and Knauft Cases, supra, were decided, is explicit in its declaration that after foreclosure sale the purchaser acquires the title to the property, Judge James, in the case of In re Knauft (D. C.) 10 F. Supp. 785, at page 786, pertinently observed: "It may be agreed that the right of redemption is property, but by that assumption it cannot be assumed that the holder of that right may be placed in the position of an owner of his farm land so as to authorize the bankruptcy court to deal with it in any way as to affect the rights of the purchaser at the foreclosure sale. As was said in the Nelson

Case, supra, where the court construed the South Dakota law as leaving vested in a mortgagor a legal title of some quality and a right of possession and redemption within a specified time, the bankruptcy court would be powerless to make any order enlarging the period of redemption. And so in a case where a petitioner under section 75, as amended, has farm property other than that against which foreclosure decree has gone, it may be that the right of redemption in property which has been sold under foreclosure may be dealt with in the interest of creditors. But here the only farm property which is set out in the schedules is that affected by the mortgage and foreclosure sale of Louisa O. Spence. The alleged ownership of that property was the only thing that would entitle petitioner to the claim that she possessed the character of a 'farmer.' An added fact here, which was omitted in the foregoing statement, is that the period of redemption has expired and the proper conveyance made to the purchaser after the filing of the petition under section 75, as amended, by the debtor. All interest of the debtor in the land is gone and there is nothing left for the court to act upon under the conditions specified in section 75 as amended or § 75 (s), 11 USCA § 203 or § 203 (s)."

The above quotations from other cases are applicable to farmer debtor petitions under section 75 (a–r) and to the facts and situation here.

■ Whether by the state law of Washington the title of the mortgagor after foreclosure sale becomes extinguished and all that remains to him is the right to redeem, which is wholly statutory, as held in Diamond v. Turner, 11 Wash. 189, at page 192, 39 P. 379, and in Hardy v. Herriott, 11 Wash. 460, at page 462, 39 P. 958, or whether a certificate of sale issued by a sheriff does not vest title, being at most but evidence of an inchoate estate that may or may not ripen into an absolute title, as held in Ford v. Nokomis State Bank, 135 Wash. 37, at page 45, 237 P. 314, and in Atwood v. McGrath, 137 Wash. 400, at page 408, 242 P. 648, the fact remains that the right of redemption under the Washington state statute is a personal privilege accorded by that statute to the mortgagor or redemptioner which may or not, as he chooses, be exercised. If such statutory privilege of redemption is not exercised by the mortgagor or redemptioner, there remains to be done, in order to vest the absolute title in the purchaser or holder of the certificate of sale, only the ministerial duty of the sheriff to execute a sheriff's deed upon the expiration of the period of redemption. If the mortgagor or redemptioner does not within the redemption period exercise that statutory privilege, the foreclosure sale purchaser is not required to take any further judicial proceeding or do any other act in order to entitle him to the sheriff's deed.

■ Section 75 of the Bankruptcy Act does not grant to a farmer debtor a property right not given by state law, especially when the giving to such farmer debtor of such property right under the bankruptcy law would violate property rights or inchoate estate rights acquired by a purchaser at foreclosure sale under state statutory law.

■ To uphold the contention made by the farmer debtor here that under section 75 of the Bankruptcy Act he should be protected in his possession of his farm and in his right to redeem the same for any time after the expiration of his statutory period of redemption would be an unwarranted judicial extension of the present provisions of the Bankruptcy Act and would be a judicial extension of the farmer debtor's period of redemption and of the period of his lawful possession after foreclosure sale, in direct violation of the rights of the foreclosure sale purchaser expressly conferred by state statute. Such a result is not accomplished by the terms of the Bankruptcy Act or any amendment thereof and cannot be accomplished by any justifiable judicial construction. Such a result could be accomplished only by legislative act.

Although here the debtor's original petition for the benefits of section 75 (a–r) was filed before the redemption period expired, yet, because the debtor did not exercise his statutory privilege of redemption within the period allowed by state statute therefor, the debtor, after the expiration of the redemption period, has had no right of property or possession or other interest in his farm, and, as stated by Judge James in the Knauft Case, supra, "all interest of the debtor in the land is gone and there is nothing left for the court to act upon under the conditions specified in section 75 as amended or § 75 (s), 11 USCA § 203 or § 203 (s)," which is applicable to section 75 (a–r).

This court has considered the case of In re Kalina (D. C.) 9 F. Supp. 170, relied upon by the debtor, but, in view of the greater number of other cases opposed to it and of the rights of foreclosure sale purchasers under the Washington law, respectfully disapproves of the same as applied to the facts and situation here.

The foregoing makes it unnecessary to decide whether Karl Koehler is a creditor of the debtor Nick Faber.

For the foregoing reasons and upon the above-cited authorities, among others, the restraining order must be vacated and the creditor responding thereto, who was the purchaser of the debtor's farm at the mortgage foreclosure sale, will be discharged from the show cause order heretofore issued herein.

Form of order will be settled upon notice.