**In re ERICKSON.**

**No. 6485.**

District Court, W. D. Michigan, S. D.
July 10, 1936.

440

A. G. Masters, of Detroit, Mich., for petitioning creditor.

Horace T. Barnaby, of Grand Rapids, Mich., for debtor.

RAYMOND, District Judge.

This matter is before the court upon petition by Union Joint Stock Land Bank of Detroit (hereinafter called "the bank") for review of an order of the conciliation commissioner-referee of Kent county made May 6, 1936. The order was entered under section 75(s) of the Bankruptcy Act as amended August 28, 1935 (11 U.S.C. § 203(s), 11 U.S.C.A. § 203(s), and provided for stay of judicial or official proceedings for a period of three years, and for retention of possession of debtor's farm under supervision of the court on condition of payment of $175 semiannually as reasonable rental, this rental to be used first for the payment of taxes and insurance and upkeep of the property, the remainder to be paid on interest to the secured creditors in order of their priority. Among other alleged errors it is claimed that the debtor-bankrupt has failed to display good faith during the pendency of the proceedings and that he has no equity in the real property involved which can be administered under the jurisdiction of the court.

It appears that on November 1, 1926, the bank took from debtor a note of $5,500 secured by mortgage upon his farm of 105 acres. The note bore interest at 5½ per cent. per annum and was due in 33 years in annual payments under a plan of amortization. Debtor became delinquent in his payments in 1931. On December 11, 1934, the mortgage lien was foreclosed and the property was sold by the sheriff of Kent county to the bank. A sheriff's deed was executed and recorded in the office of the register of deeds on December 20, 1934, pursuant to the Michigan statute. The amount due on April 10, 1936, was $6,440.62.

On November 21, 1935, debtor filed his petition and schedules for the purpose of effecting a composition or extension of time under section 75. He disclosed liabilities, aggregating $8,944, and assets of $8,275, of which amount $8,000 was the scheduled value of the farm in question. Two offers of composition were rejected. Petition under section 75(s) of the Bankruptcy Act was filed March 11, 1936, praying for adjudication in bankruptcy, for an appraisal, and for an order allowing debtor to retain possession of the property. Motion to dismiss the petition was denied. The last offer for composition with the bank was to pay the sum of $4,000.

Appraisers appointed reported the following values of debtor's property:

Farm, 105 acres with buildings, $4700.00
Small amount, old household goods 15.00
Small amount, minor tools, etc. 5.50
One cow, 12 yrs old 35.00

Thorough consideration of the nature and extent of debtor's property and the amount and character of his indebtedness makes clear that the possibility of meeting the obligations imposed by the order of the commissioner is extremely remote. The court is convinced that there is entire absence of good faith in the institution of the proceedings and in the offer of composition which was made. If the benefits of section 75(s) may be utilized to bring about continued possession of property after sale on foreclosure in the hopeless circumstances here disclosed, it is apparent that the effect

of the statute is to appropriate secured creditor's property for the benefit of debtor. So construed, it seems to the court that the act would be unconstitutional. See United States National Bank of Omaha, Neb., v. Pamp (C.C.A.) 77 F.(2d) 9, 99 A.L.R. 1370. Upon the effect of want of good faith in similar circumstances, see Dallas Joint Stock Land Bank v. Davis (C.C.A.) 83 F. (2d) 322; In re Hilliker (D.C.) 9 F.Supp. 948; In re Reichert (D.C.) 13 F.Supp. 1; In re Slaughter (D.C.) 13 F.Supp. 893.

In the case of In re Borgelt (C.C.A.) 79 F.(2d) 929 (Id. [D.C.] 10 F.Supp. 113), it was held that a farm debtor who has only a right of redemption from mortgage foreclosure sale has not such an interest in the real estate as can be administered under section 75(s). See, also, In re Young (D.C.) 12 F.Supp. 30; In re Knauft (D.C.) 10 F.Supp. 785; In re Faber (D.C.) 11 F.Supp. 555. These cases hold that whether a debtor whose farm has been sold on mortgage foreclosure but whose right of redemption has not expired at the time of filing petition under the bankruptcy act, had any property that could be brought under jurisdiction of the conciliation commissioner, must be determined according to state law. Section 14433, Compiled Laws of Michigan of 1929, provides that upon making a sale under foreclosure, the officer shall execute and deliver a deed to the purchaser, the same to be delivered within twenty days to the register of deeds who shall record the same. Section 14434 provides in substance that unless the premises described in the deed shall be redeemed within the time limited (one year from date of sale), the deed shall become operative and shall vest in the grantee therein named all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage. It is the view of the court that under these statutory provisions title to the premises had so far vested in the bank following the sale under foreclosure that it was seized with a vested interest in the premises of which it could not lawfully be deprived by the subsequent enactment of section 75(s). To construe the act otherwise would, in the view of the court, render it unconstitutional.

It follows that the order of May 6, 1936, of the conciliation commissioner should be set aside and the proceedings dismissed. An order will be entered accordingly.