## In re BROWN.

No. 168.

District Court, S. D. Iowa, S. D.
Jan. 15, 1938.

936

R. Brown, of Creston, Iowa, for debtor.

Tom Mullin, of Creston, Iowa, for objecting creditor.

DEWEY, District Judge.

In proceedings instituted by the debtor under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, exceptions were taken to a report of the conciliation commissioner to this court, filed December 24, 1937, and the same came on for hearing on such objections in open court at Creston, Iowa, on the 11th day of January, 1938. Arguments were had and the matter submitted to the court for determination.

The debtor, Samuel Brown, filed a petition under the provisions of section 75 of the Bankruptcy Act in this court on the 12th day of November, 1937, and the same was on that date approved by this court as properly filed and referred to the conciliation commissioner for Union county, Iowa.

Thereafter Lena M. Brown, wife of the debtor, filed a motion with the clerk of this court designated as a "Motion to Dismiss," or, in the alternative, that the real estate described in the debtor's schedules be released from administration by this court.

Said motion is in two divisions. In division I the ground of dismissal or to have the property released is based upon a claim that at the time the debtor filed his petition under section 75 there was pending in the district court of Union county, Iowa, a petition asking that she, Lena M. Brown, be granted a divorce, and that on November 12, 1937, and prior to the filing of debtor's petition under section 75 of the Bankruptcy Act in this court, a decree of divorce was granted, and in that decree the state court awarded to her the real estate in controversy; that said decree is a final decision rendered by a court of competent jurisdiction and the real estate was awarded to Lena M. Brown previous to the time the debtor's petition was filed in this court.

In division II of the motion to dismiss it is claimed "that said debtor's petition was not filed in good faith and was not filed for any of the purposes set forth in section 75 of the Bankruptcy Act but the same was filed for the purpose of defeating and delaying Lena M. Brown from obtaining possession of said real estate."

This motion to dismiss was by the judge on December 4, 1937, referred to said commissioner for hearing, findings of fact, and conclusions of law. This order was intended as a reference to the commissioner as a special master to make findings of fact and recommendations to the court for final action, and has so been considered by the parties.

The commissioner held such a meeting and makes a report to the court to which objections have been filed by the debtor, and the motion to dismiss is now before the court for final determination on the facts found and the recommendations made by the commissioner.

The evidence had before the commissioner was not preserved and is not before this court on this hearing, so that the only record that the court has as to the facts are those contained as in said report of the conciliation commissioner, the record of the debtor's original petition and schedule, and the statements made by the debtor in his specifications and objections to the conciliation commissioner's report.

Such facts disclose that the debtor is a man 82 years of age and that his only property consists of a farm of 160 acres in Union county, Iowa, which he values in his schedules at $5,000, encumbered by a mortgage to the Federal Land Bank of Omaha, Neb., to secure an indebtedness of $5,000, with interest at 5½ per cent., and that the interest thereon is in arrears for the year 1937. He also lists household goods and wearing apparel at $250 and unsecured claims aggregating $1,341, making his total aggregate indebtedness $6,716, and his total assets, exclusive of the $250 exempt property, of $5,000 in real estate. An element of indebtedness is $300 due as taxes on this real estate.

That on receipt of the debtor's petition the commissioner notified creditors of the first meeting to be had on December 14, 1937. At the first meeting of creditors the debtor was unable to be present on account of illness. By mutual consent the meeting was adjourned to December 18,

1937. At this meeting on December 18, 1937, the debtor appeared by his attorneys, but was again on account of sickness unable to appear personally. That on December 13, 1937, there was filed a letter signed by A. Fred Watts, M. D., stating that the debtor, Sam Brown, is in poor condition physically, due to a recent severe cold, chronic rheumatism, and senility, and was not in physical condition to warrant his appearing in court to be examined as a witness in proceedings at that time.

The motion to dismiss of the wife, Lena M. Brown, above referred to, was heard on December 14, 1937, or at the adjourned meeting, and a record of the proceedings was taken down in shorthand by a stenographer in the office of the attorney for the debtor. That at that hearing it appeared that some time prior to the filing of the petition in this court under section 75 of the Bankruptcy Act, and since August 1937, there was pending in the district court of Union county, Iowa, an action for divorce filed by Lena M. Brown against her husband, the debtor, and that on the morning of November 12, 1937, the case came on for hearing on its merits and the state judge entered a memorandum on his court calendar awarding a decree of divorce to the plaintiff, and that thereafter a decree was signed by the judge and entered on the records of said court on or about November 15, 1937. On the same day, but later in the day, of November 12, 1937, the debtor's petition was filed in this court. Said decree of divorce awarded the possession of the real estate described in debtor's schedules to his wife, Lena M. Brown. That prior to the hearing in open court on the divorce proceedings there had been numerous conversations between the attorneys as to a settlement of the property rights of the parties. That at the hearing on the divorce neither the debtor nor his attorney was present in court.

The conciliation commissioner was of the opinion that the land was owned by Lena M. Brown before the debtor's petition in this case was filed and that it should be set off to her from these proceedings. He was also of the opinion that the debtor's petition was filed in good faith.

It is the contention of the debtor here that his petition under section 75 of the Bankruptcy Act was filed in this court prior to the final recording of the decree setting off the real estate to the wife and that the real estate listed by the debtor is now in the hands of this court for administration unaffected by the divorce decree.

It is the contention on behalf of the wife that the decree of divorce was in full force and effect prior to the filing of the petition in this court and that this court is therefore without jurisdiction to administer upon the same and that, if it is in this court, it should be released to her.

In the general view of the entire situation as presented by the above facts it is probably not necessary for the court to determine this question. It is evident from the record, however, that the debtor still has some property in and to the real estate, as he still has the possession.

Questions as to ownership, title, and the like are of relatively small importance in these proceedings, if they are instituted in good faith for a composition proposal, as the act itself is very definite that immediately upon filing the petition in the bankruptcy court the jurisdiction over that property immediately vests in this court and no further proceedings can be had by any other court, state or federal, pending the determination of the question of whether the debtor can offer a composition proposal that would be acceptable and not interfere with vested and constitutional rights of creditors and secure the requisite number and amount of creditors to approve the same.

The word "property" as used in the act has a very broad meaning and significance, and is stated by Judge Allen in the case of Hoyd v. Citizens Bank, 6 Cir., 89 F.2d 105, 107, as "unlimited by any qualifying phrase, and doubtless was used in its ordinary sense as interpreted in the various decisions of the federal and state courts. Property is a nomen generalissimum and extends to every species of valuable right and interest, including real and personal property, easements, franchises, and other incorporeal hereditaments."

The courts have quite generally and unanimously held that in so far as the preliminary proceedings for composition are concerned that immediately upon the filing of the petition in the bankruptcy court that all actions of any kind are stayed and that all proceedings in courts as of that time and the relation of the parties with reference to property stand in statu quo, and the property or any rights of

the debtor must not be interfered with by any court until he can have a reasonable time to make an offer of composition, which of course must be fair and reasonable and within the power of the debtor to carry out and to protect the rights of secured and other creditors in their vested and constitutional rights. Therefore, I do not find it necessary at this stage of the proceedings to determine the rights of the parties in and to this real estate, as the entire proceedings in the state court are now stopped and, if the action was brought in good faith with the intention of making a compromise agreement with all of the creditors, I would without hesitation uphold the theory of the debtor that this real estate should not be taken out of the hands of the court or any interest therein or rights thereunder that the debtor might have until he had a chance to make his offer of composition.

However, when we come to the second division of the wife's motion to dismiss, we find that she has directly challenged the bona fides of the entire transaction and this again requires that we give attention to the background and the reason and purpose of the act and all the surrounding circumstances must be taken into consideration in determining this question.

■ It has been recently determined that the entire proceedings under section 75, including the composition and the proceedings under subsection (s), as amended, 11 U.S.C.A. § 203 (s), are one continuous proceeding, all based upon the idea of a settlement and compromise between the debtor and his creditors made in good faith and that that good faith means considerably more than the absence of actual fraud. Baxter v. Savings Bank of Utica, 5 Cir., 92 F.2d 404, 406.

To uphold the constitutionality of the act as amended, it was necessary for the courts to read into the act a modification of its apparent harshness as against creditors and determine that it was the intention of the Congress that the act should be administered by the courts in an equitable manner with constant regard for the rights of creditors and other parties in interest to the end that property would not be unwarrantedly and forcibly taken from a creditor and impinge upon his rights under the Constitution of the United States that his property be not taken without due process of law. So the Fifth Circuit Court of Appeals in the case of

Dallas Joint Stock Land Bank v. Davis, 83 F.2d 322, 323, says of the act, and in considering the question of constitutionality: "On its face the act merely transfers the liquidation of the indebtedness from state courts to the court of bankruptcy. It remits to the judicial discretion of that court the administration of the property of a bankrupt, with the end in view to bring about, if a due regard for the property rights and interests of his creditors permits it, a gradual and therefore more just and equitable liquidation, in lieu of an unduly hasty and forced one."

The court then goes on to point out that subsection (s) must be administered in an equitable manner and that the right of a debtor to have the possession of the property for a 3-year period is not an absolute right, but a right subject at all times to the discretion of the court in granting or withholding a stay against any procedure affecting the property. And in summing up that court said: "These provisions of the act make it clear, we think, that the act grants no absolute stay, permits no arbitrary or unjust interference with creditors. * * * They make it clear that the controlling, the dominant purpose and effect of the act as amended is not to deprive creditors of their security to give it to debtors, but to remit to judicial discretion in each case, whether the facts justify giving the debtor an equitable opportunity in an orderly way, to liquidate his indebtedness, provided always that the essential security of the creditor is not impaired, but preserved."

■ The debtor, having filed a petition under oath in this court stating that he was a farmer and that he desires to effect a composition or extension of time to pay his debts under section 75 of the Bankruptcy Act, raises a presumption of the bona fides of the filing of the petition. However, that presumption does not prevail when it is attacked by a motion as to the bona fides and the evidence introduced at a hearing shows that it was not filed in good faith.

Numerous cases with reference to good faith and the necessity of the debtor being able to rehabilitate himelf within a period of 3 years have been determined by the district judges. See In re Cosgrave, D. C., 10 F.Supp. 672; In re Erickson, D. C., 13 F.Supp. 853; In re Davis, D. C., 16 F.Supp. 960; In re Erickson, D. C., 18 F.

Supp. 439; In re Noble, D. C., 19 F.Supp. 504; In re Brewster, D. C., 20 F.Supp. 789.

But it is not necessary for the purposes of this case to go further than the statement of the Supreme Court of the United States in the case of Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, wherein they upheld the constitutionality of section 75 (s) of the present act and wherein they require that the proceedings to be constitutional be within the control of the judge at all times with the necessity of the requisite good faith from the inception of the proceedings to its end.

In a note at the bottom of page 462 of 300 U.S., of page 562 of 57 S.Ct., that court says: "This construction is in harmony with the requirement of good faith in the initiation of proceedings under section 75. * * * The offer of composition must be in good faith * * * and if the debtor is beyond all reasonable hope of financial rehabilitation, and the proceedings under section 75 cannot be expected to have any effect beyond postponing inevitable liquidation, the proceedings will be halted at the outset. The practical administration of section 75 in the lower courts already affords ample evidence of the substantial protection afforded the creditor by this requirement of good faith in the .initiation of proceedings under subsections (a)–(r) [11 U.S.C.A. § 203 (a–r)]." (Cases cited.)

So that we have the mandate of the Supreme Court of the United States that in construing this act, if it appear at any time that the debtor is beyond all reasonable hope of financial rehabilitation and the proceedings cannot be expected to have any effect beyond postponing inevitable liquidation, the proceedings will be halted at the outset.

Considering the facts recited above, it is impossible to see how the debtor in this case can rehabilitate himself within any period of time. He has no property other than his household goods and a questionable interest in some real estate mortgaged for more than it is worth. He is beyond the age when he can do any work, and how he could offer any composition that would be acceptable to his wife under the present situation to release her rights in and to the real estate is beyond comprehension.

Neither could an offer of composition under the present situation, even if accepted by the creditors, be such a proposal that the court could confirm under the requirement of section 75 (i) of the act, 11 U.S.C.A. § 203 (i), that "(1) it includes an equitable and feasible method of liquidation for secured creditors and of financial rehabilitation for the farmer; (2) it is for the best interests of all creditors; and (3) the offer and its acceptance are in good faith, and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden."

The requirement that the court should approve the offer only if made in good faith is the gist of the entire proceedings, and administration under the act must be with the thought in mind that the debtor intends, and the court will be warranted in considering, an offer that would meet with these requirements of the statute.

The conclusion is inevitable that the petition in this case was not filed for the purpose of a just liquidation by composition with creditors but to defeat the wife from a right of possession in and to the real estate which was to be awarded to her under the divorce proceedings. This violates the purpose and intent of the statute, and the filing of the petition by the debtor for relief under section 75 of the act in this case cannot have any effect beyond postponing the inevitable liquidation, and, as said by the Supreme Court of the United States, under that situation, the proceedings will be halted at the outset. It follows that the debtor's petition in this court and the entire proceedings should be dismissed. The clerk will enter the following order:

The above-entitled matter came on for hearing in open court at Creston, Iowa, on January 11, 1938, upon exceptions and objections to the report and recommendations of the conciliation commissioner following reference to such commissioner of a motion by Lena M. Brown to dismiss the debtor's petition herein. Argument was had and the matter submitted.

Pursuant to the holding announced in the court's memorandum opinion filed this day, the debtor's petition and the entire proceedings therewith in this court are hereby dismissed. Samuel Brown, debtor, excepts.