## JOS. DONNEBAUM V. MARY L. AND I. H. TINSLEY.

### (Case No. 1188.)

1. DEED — CERTAINTY OF DESCRIPTION.— A constable's deed described land levied on, and attempted to be conveyed to a purchaser at execution sale, as "one hundred and fifty acres of land out of the I. E. Austin grant, on the west side of the Brazos river, seven or eight miles above the town of Columbus." *Held*—

    1. The deed was void for uncertainty in the description of the property attempted to be conveyed.

    2. The purchaser's title at execution sale does not depend on the officer's deed, but on the regularity of each step (including a levy which describes the land with sufficient certainty), required by law of the officer, prerequisite to a valid sale.

2. FRAUDULENT CONVEYANCE.— A husband conveyed all his property to his wife, reserving it all to himself, however, should she separate from him, and to his heirs after his death, if she married again. *Held*, void as to creditors.

3. NOTICE — SHERIFF'S SALE.— Such an irregularity, as a failure of the officer to call on the judgment debtor to point out property before levy, will not affect the title of a purchaser not connected with it.

4. FACT CASE.— See case for facts showing that the judgment of the court was not warranted by the evidence.

APPEAL from Brazoria. Tried below before the Hon. W. H. Burkhart.

Suit in trespass to try title, brought by appellant on October 13, 1879, against appellees, for the recovery of 150 acres of land. The land was described by metes and bounds in the petition. Donnebaum claimed title under a deed from a constable of Brazoria county, by whom the land was levied on and sold as the property of Tinsley, on the 2d of July, 1878, to satisfy an execution issued by a justice of the peace, on the 8th of June, 1878, in favor of Wm. F. Wilson against I. H. Tinsley, at which sale he became the purchaser. He averred that Mary Tinsley, wife of I. H. Tinsley, claimed the land by virtue of a deed of gift of all his property made to her by I. H. Tinsley, but that this debt was in existence when that deed was made, and that it was fraudulently made to delay creditors.

The defendants answered "not guilty," and set up several irregularities alleged to have been committed by the constable in making the sale. They aver that when the constable made the sale the judgment upon which the execution issued had been fully paid.

The cause was tried by the judge, who rendered judgment for defendants, and from that judgment, a motion for a new trial being overruled, this appeal is prosecuted.

The errors assigned embrace, in effect, but one proposition, viz., that the judgment is unsupported by the testimony and should have been for the plaintiff.

Upon the trial, in support of his title the plaintiff introduced —

1. A copy of a judgment of a justice of the peace in favor of Wm F. Wilson against the defendant, I. H. Tinsley, for $20.14, March 2, 1878, and costs, with an entry by the justice: "Execution issued June 8, 1878."

2. An affidavit of the loss of that execution.

3. The constable proved that he sold the land under the execution of June 8, 1878, and that the sale was regular.

4. An execution on the same judgment was issued April 10, 1878, upon which is indorsed a levy on 150 acres of land out of a tract known as the Tinsley plantation, part of the I. E. Austin survey, describing it further by metes and bounds. The levy purports to have been made on the 11th of April, 1878. The return of the constable, indorsed upon the writ, proceeds to say that he advertised the land to be sold upon the first Tuesday of July, and that on that day he sold it according to law to Joseph Donnebaum for $35, and that he brought the money into court to be paid over as the law directs.

5. The constable testified that by mistake he made his return of the sale on the execution issued, on the 10th of April. That in fact the execution of April 10 was held up, no levy being made under it. That his return was made out on a separate piece of paper, and attached to it by mistake.

6. The deed executed by the constable to Donnebaum was read. That deed recites that by virtue of the execution of the 8th of June he "did, on the 9th day of June, 1878, levy on all the right, title and interest which the defendant on that day had in and to the premises hereafter described, etc., and that on the 2d day of July he sold said premises to Joseph Donnebaum," etc.; and then proceeds to convey the land to him, describing it as follows: One hundred and fifty acres of land out of the I. E. Austin grant, on the west side of the Brazos river, seven or eight miles above the town of Columbia.

7. It was shown that the debt of Tinsley to Wilson was contracted before the conveyance by Tinsley to his wife, under which the defendants claimed, and that that deed conveyed *all* Tinsley's property, lands and stock. The defendants introduced a deed of gift from Tinsley to his wife, which he swore embraced all his property.

They also produced a receipt, signed by the constable, for the amount of the judgment of Wilson *v.* Tinsley. And Tinsley testified that he had never been called upon to point out property upon the execution.

Plaintiff proved that the receipt was made out, but never delivered by the constable, the money not having been paid. That it was left in the hands of the justice to be delivered to Tinsley when he paid the money, but that he never had paid it, and it had never been delivered to him. And Tinsley, though testifying, said nothing about how it came into his possession.

*Thomas G. Masterson* and *Duff & Wilson*, for appellants.

QUINAN, COMMISSIONER.— The constable's deed to Donnebaum was insufficient to convey the land. It does not sufficiently describe the land. Under the strict rules of construction applied to conveyances by officers who sell

property under execution, a deed like that in this case, purporting to convey an undesignated part of a larger tract of land, is void. Wooters v. Arledge, Galveston Term, 1881, *infra*.

But the title of a purchaser of land at sheriff's sale does not depend upon the deed. It rests upon a valid judgment, levy and execution sale, and the payment of the money. The sheriff's deed is not essential. Fleming v. Powell, 2 Tex., 225; Baker v. Klepper, 26 Tex., 629.

The testimony admitted without objection proves a valid judgment, an execution issued upon it, a levy describing with sufficient certainty the land levied upon, the sale of it at the proper time and place, a return by the officer of the sale to Donnebaum, and the payment of the purchase money. This established *prima facie* his equitable right to the interest of the defendant in execution in the land.

It was shown that the debt upon which the judgment in favor of Wilson was rendered was contracted by I. H. Tinsley prior to January 1, 1878, and was then due and owing. On that day Tinsley conveyed to his wife (the defendant), for love and affection, several tracts of land in various counties (embracing the land in controversy), with all his horses and cattle, and the proof established conclusively that this was all his property. By that deed he reserved to himself all the property, should his wife separate from him, and to his heirs after his death, should she marry again.

Very clearly, as against his creditors, this conveyance was wholly inoperative. One must be just before he is generous. Stat. of Frauds; Lynn v. Le Gierse, 48 Tex., 140.

The defense made by Tinsley and wife against Donnebaum's right to recover had no force whatever. They pleaded payment of the judgment, and produced a receipt for the amount seized by the constable. But the

constable explains how that receipt came to be executed; that Tinsley had promised to pay the money, and as the officer was compelled to be absent from his office, he made out the receipt and left it with the justice of the peace to be delivered to Tinsley on his payment of the money. That Tinsley never paid the money. That the constable never delivered the receipt to him, or authorized any one to do so until the money was paid. Wilson, the plaintiff, also testified that he never had been paid the money by Tinsley. And Tinsley himself, testifying, is utterly silent upon the subject. The inference is irresistible that the receipt was surreptitiously obtained. At all events its execution is explained. There is nothing in the transcript to show that the sale was not fairly made, in exact conformity to the law. Indeed, the only proof offered in this respect was by Tinsley, who swore that he had never been called upon by the officer to point out property. Mere irregularities of this sort do not affect the title of the purchaser, who is not connected with them. Cavanaugh v. Peterson, 47 Tex., 204; Riddle v. Bush, 27 Tex., 677; Howard v. North, 5 Tex., 290.

But if this were material, he is contradicted by the officer, who swears positively to the fact; and that Tinsley was not thereby injured is rendered certain by his own oath, that "he owned no other property except what was conveyed to his wife by the deed."

There is no proof that the land did not sell for an adequate price. Its value was not in proof.

The judgment of the court, therefore, is against the evidence, and for this the cause ought to be reversed and remanded.

REVERSED AND REMANDED.

[Opinion delivered March 8, 1881.]