HEIRS OF B. T. LOGAN v. NANNIE K. PIERCE ET AL.

(Case No. 5678.)

1. IDENTIFICATION—SHERIFF'S DEED—DESCRIPTION—The facts appearing that a valid execution was levied on a tract of land claimed under a sheriff's deed, and that this tract was sold by the sheriff and the purchase money paid, it is immateial that the deed made to the purchaser by the sheriff does not sufficiently describe the land.

2. PRESUMPTION—LAPSE OF TIME—EFFECT—Every permissible presumption should be indulged in support of a claim of forty years' duration, and which, during that length of time, was undisputed by those adversely interested.

3. PROOF—See the opinion for facts held sufficient to support a finding that a certain tract of land was levied on and sold by the sheriff, although the execution alleged to have been levied, and the execution docket in use at the time, were both lost.

APPEAL from Lamar. Tried below before the Hon. D. H. Scott. The facts are stated in the opinion of the court.

*B. F. Fuller*, for appellants, cited and discussed : Howard v. North, 5 Tex., 312; Welder v. Carroll, 29 Tex., 324; Norris v. Hunt, 51 Tex., 615; Mitchell v. Ireland, 54 Tex., 301; Wooters v. Arledge, 54 Tex., 395; Donnebaum v. Tinsley, 54 Tex., 364; Brown v. Chambers, 63 Tex., 131; Phillips v. Ayers, 45 Tex., 607; Straud v. Springfield, 28

Tex., 669; McKenna v. Wofford, 23 Tex., 44; Kingston v. Pickens, 46 Tex., 99; Williams v. Simpson, 16 Tex., 441; 3 Washburn on Real Prop., 398, 399.

*Maxey, Lightfoot & Denton*, for appellees, cited: Kingston v. Pickens, 46 Tex., 99; Williams v. Simpson, 16 Tex., 441; Shipp v. Miller, 2 Wheat., 323; Johnson v. Pannel, 2 Wheat., 206; Massie v. Watts. 6 Cranch, 158; 7 Peters, 171; Parker v. Spencer, 61 Tex., 164; Vogelsang v. Dougherty, 46 Tex., 466; McDow v. Rabb, 56 Tex., 154; De-Zavalla v. Baker, Tex. unreported cases; Roror on Judicial Sales, secs. 149, 150, 896, 897; Freeman on Ex., sec. 307.

STAYTON, ASSOCIATE JUSTICE.—The land in controversy was granted to B. T. Logan, through whom appellants claim by inheritance, and they are entitled to recover, unless title to the land passed to those through whom the appellees claim by the sale made by the sheriff in the year 1845, under a valid judgment and execution against the original grantee. There is no controversy as to the validity of the judgment and execution against B. T. Logan, nor is there any controversy as to the payment of the purchase money bid at the sheriff's sale. It is contended now, as it was held on the former appeal by the commissioners of appeals, that the description of the land sold. which is contained in the sheriff's deed, is insufficient to identify the land.

In adopting the opinion of the commissioners of appeals, on a former appeal, it was held, as the case was presented, that the description in the deed was insufficient, but that with a knowledge of the configuration of the entire grant, of which the land sold was a part, it might appear that the description was sufficient.

On the last trial, the court below found that this so appeared, but as the case now comes before us, it is not necessary for us to pass upon this question. There is much evidence in the record now before us which was not contained in the record on the former appeal, and from that the court below, in effect, found that the execution was levied on the land claimed by the appellees, and that this land was sold by the sheriff.

If there be evidence to support this finding, the judgment must be affirmed, whether the deed correctly describes the land levid upon and sold or not; for there is no controversy as to the payment of the purchase money, or as to the validity of the judgment or execution. Donnebaum v. Tinsley, 54 Tex., 365; Flemming v. Powell, 7 Tex., 231; Baker v. Clipper, 26 Tex., 635.

The execution under which the sale was made has been lost, as has

been the execution docket in use at the time the sale was made, hence we cannot ascertain from this source what the return on the execution actually showed as to the levy and sale. The matter out of which this controversy arises transpired more than forty years ago, and every permissible presumption ought to be indulged in support of the claim of those who, during all this period, have openly claimed title to the particular land in controversy through that sale; and especially so, when, until about the time this action was commenced, the appellants and those through whom they claim, never asserted adverse right.

The court below found as follows: "I find that plaintiffs, and those under whom they claim, have paid taxes on the land set out in their pleadings ever since 1845, and have openly claimed the same, and that defendants' ancestor, and other former heirs of B. T. Logan, by repeated conveyances and other acts, have recognized plaintiffs' title and the title of those under whom they claim, and the identity of the land set out in their pleadings and platted above, from the date of the sheriff's deed up to a recent date, and that defendants set up no claim to the land until within the last two years."

The evidence fully justifies this finding. It appears that at the sale, the sheriff sold five hundred acres of land, which he, at the time, declared had been designated by B. T. Logan for sale under the execution. Logan knew of the sale and purchase, and was content that the purchaser should have the land; knew of their claim and never asserted adverse right, but, on the contrary, regarded it as the property of the purchasers, and refused to redeem it when opportunity was given to him by the purchasers.

The evidence showing that the heirs of B. T. Logan for a long period of time have recognized that the land sold by the sheriff was the identical land claimed by the appellees, and that they have often acted upon this recognition in dealing with others in reference to other parts of the grant, is overwhelming; and we are of the opinion that the facts proved were sufficient, after so great a lapse of time, to have justified the court below in finding that the land claimed by the appellees is the identical land levied on and sold by the sheriff in the year 1845. The appellants, and those through whom they claim, evidently so believe. This belief must be presumed to have been founded on knowledge of facts, which, if believed by those interested in not so believing, must be held to have been, in their nature, though not here developed, such as to justify such a belief.

There is no error in the judgment and it will be affirmed.

AFFIRMED.

[Opinion delivered April 23, 1886.]