**BENDY v. W. T. CARTER & BROS. et al.**
**(No. 466–4002)**

(Commission of Appeals of Texas, Section B. March 18, 1925.)

**1. Evidence ☞372(8)—Sheriff's deed held admissible as ancient instrument, though return and writ venditioni exponas not entered in docket.**

Sheriff's deed, which had been of record for 47 years and contained recitals of judgment, execution, return, issuance of venditioni exponas, and advertisement and sale thereunder, *held* admissible as ancient instrument, though clerk's execution docket contained record of execution but no return nor anything in regard to writ of venditioni exponas, in view of negligence of clerk in keeping docket, long claim under deed, rendition of land for taxes, acts of ownership, lack of claim by defendant in execution or his heirs, their acquiescence in execution title, recitals in sheriff's deed which was without suspicion and came from proper source, and impossibility of procuring better evidence.

**2. Execution ☞305—Sheriff selling land under process may execute deed after expiration of term.**

In absence of contrary statute, sheriff selling land under process may execute deed after expiration of term; substance of title at execution sale being purchaser's compliance with bid, and the deed of sheriff being purely ministerial.

**3. Execution ☞77—Entry in execution docket is not prerequisite to validity of writ.**

Entry of writ in execution docket is not prerequisite to its validity, nor is omission of entry indisputable proof that particular writ never existed, but it is at best a negative showing arising from presumption that official has not disobeyed duty.

**4. Evidence ☞372(1)—Recitals in ancient deed held not objectionable, though hearsay or conclusions.**

Recitals in ancient deed *held* not objectionable, in view of fact that they had been allowed to remain and mean what they said since such an ancient date, though they might as recent evidence among other reasons have been inadmissible as hearsay or conclusions.

**5. Evidence ☞343(3)—Certified copy of deed admissible if predicate laid.**

Certified copy of deed is admissible if proper predicate is laid.

**6. Execution ☞259—Issuance of second execution does not disprove sale under first writ.**

In attacking validity of sheriff's deed, circumstance that a second execution, issued five years after registration of deed in question, for same amount as first, if any, evidence, is not conclusive that there was no previous sale or avails under it.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by H. W. Bendy against W. T. Carter & Bros. and others. From the judgment of the Court of Civil Appeals (251 S. W. 265) reversing a judgment in his favor and remanding case, plaintiff brings error. Judgment affirmed.

J. A. Mooney, of Woodville, and Louis, Campbell & Nicholson, of Houston, for plaintiff in error.

Coleman & Lowe and J. E. Wheat, all of Woodville, Martin Dies, of Orange, S. H. German, of Austin, and Baker, Botts, Parker & Garwood, of Houston, for defendants in error.

STAYTON, J. The defendants in this action of trespass to try title offered in evidence a sheriff's deed under which they claim. Over their opponents' objection, the district court allowed it to be introduced, but later, on motion, at the conclusion of the testimony, rejected it. The decision of the case depended upon this deed. Whether it was properly ruled out is the question in the application for writ of error. The Court of Civil Appeals held that the trial court erred. 251 S. W. 265.

[1] There was in evidence an admissible copy of the judgment, and one of the executions upon it which bore a return that showed a levy upon the land in controversy, as well as other land, and legal advertisement but insufficient time to complete the sale within the term of the writ. The proffered deed was undated. It was evidently executed by the sheriff, who made the levy on a day subsequent to his going out of office but prior to 1874. This circumstance is one of the points in the case. At the time of trial the deed had been of record for 47 years. In it were recitals of the judgment, the execution and its return, the issuance of venditioni exponas, legal advertisement, and sale to defendants' predecessor in title. The clerk's execution docket contained a record of the execution, and a subsequent one for

the same amount five years later than the deed, but did not show either of the returns, nor anything regarding the writ of venditioni exponas. Whether the deed furnished evidence that was relevant to the existence of the latter is another point in the case.

The defendants concede that proof of a writ of venditioni exponas, or of an execution effective at the date of sale, was necessary as a basis of their offer, but rely in that respect upon the recitals in the deed itself and circumstances in evidence which, where additional to those just stated, are now to be mentioned. What will be noted is represented either by specific evidence or by fair inferences from it and is taken largely from the conclusions of the Court of Civil Appeals and statements of evidence by defendants. Except where otherwise mentioned, it is not disputed by plaintiff.

After the deed was recorded and while the parties to the transaction were still alive in the rural community where it occurred, defendant in execution did not assert claim to the land; and subsequent to his death neither did his heirs nor his legal representatives, including plaintiff. The period of nonclaim was 47 years. At the end of that time this suit was filed. None of these persons rendered the land for taxes or paid taxes on it. Although some 15 creditors of defendant in execution had judgments against him and took out executions upon them, no levy was made on any of the land mentioned in the deed in controversy except the one described in it. And while he was still alive a partition of some of the property occurred in the district court wherein his vendee through this deed was apparently viewed by that court as owner of one of the undivided shares to the extent that he was awarded one of the divided parcels. And it may be added, in deference to a contrary contention of plaintiff, that the return on the execution and the description in the sheriff's deed, when interpreted in the light of the partition suit, bear out this view that the levy and sale were made as to an undivided acreage. After the death of the defendant in execution, three sworn inventories in his estate which was pending in the same county, one of them in a year, one by plaintiff in two years, and another by him in five years, purported to cover all of the property of the estate; but, though one of them listed nearby land, none of them included the premises covered by the sheriff's deed; and the same was true of the partition of this estate occurring in the sixth year. The heirs were so situated that they would reasonably have known of any claim of the estate against this land. The sheriff's deed was acknowledged before the district clerk of the same county, who had been a joint defendant in execution with plaintiff's intestate. The vendees of the purchaser at the sale have, for 39 years, under this recorded deed, been openly and notoriously acting as proprietors of it, conveying it and their numerous vendees conveying it, and the owners under this line of title rendering it for taxes and, for all except one space of 2 and another of 5 internal years, constantly paying taxes upon it. The family doctor of some of the heirs was one of these vendees. As to the failure of an entry of the writ of venditioni exponas on the execution docket, it appears that the record was negligently kept by the clerk. The papers in the case had been scattered; the petition was found among waste in a fireplace. Proper search among the files in which it should have been found failed to produce the writ. There was no ruling to the contrary in the district court; the sufficiency of the predicate was recognized there, and plaintiff's present contention as to the extent of the search for the writ is only made after the trial. All the parties to the original transaction are dead.

Under these facts, the sheriff's deed was admissible in evidence. It was an ancient instrument. It had long been of record and was in possession of those claiming under it, thus coming from proper custody. Holmes v. Coryell, 58 Tex. 686. The better evidence, that it suggested could not be found, was in all reason unprocurable.

[2] It was apparently free from suspicion. No just suspicion arises from the fact that it was undated and was presumably executed after the sheriff went out of office. The only doubt aroused by this circumstance was one that made no difference. As the substance of title at execution sale passes upon the purchaser's compliance with his bid, the deed of the sheriff is purely ministerial, is merely evidence of the right, and for this reason and because he should be permitted to protect himself from liability for a breach of this duty, in the absence of some statute to the contrary, may be executed by the person who has made the sale as sheriff at a date subsequent to his leaving the office. Flemming v. Powell, 2 Tex. 228; Heirs of Logan v. Pierce, 66 Tex. 127, 18 S. W. 343; Higgins v. Bordages (Tex. Civ. App.) 28 S. W. 351. There was no statute to the contrary at the time the deed was executed in this case.

[3] If it was the duty of the clerk to enter data from the writ of venditioni exponas upon his execution docket because it was a species of execution, the fact that he did not do so does not conclude the question of its issuance. If a judgment of an ordinary court is not entered of record, its existence is negatived when it is the subject of inquiry in another court, because by settled law there can be no judgment in that case unless there is a record of it. But the entries as to an execution are not prerequisite to the validity of the writ under any circumstances.

They are no more than alternative evidence of it. The statute says, not that they are in lieu of the writ, but simply that they shall "be taken and deemed to be a record." No law makes this entry indispensable. For its omission the statute penalizes the clerk, not the purchaser. It is plainly and only an abstract of the original writ for the purposes of evidence and of notice, and is no more conclusive of what it shows or fails to show than would be a deed record which is designed for like ends but has the added safeguard of being a full copy of the deed. R. S. arts. 3782–3785; Harris v. Mayfield (Tex. Com. App.) 260 S. W. 835. Therefore if an omission of entry on the execution docket is proof that a particular writ never existed, it is not indisputable proof, especially when, as here, the clerk is shown to have kept his docket negligently; but is at best an indirect or negative showing that arises from the presumption that the official has not disobeyed his duty. Richards v. Rule (Tex. Com. App.) 207 S. W. 912; Randall v. Collins, 52 Tex. 442. Evidence cannot be rejected merely because other evidence disputes it. Whether such a presumption would be weaker or stronger than other evidence showing that the writ actually issued, is not to be decided by excluding and thus refusing to exercise judgment upon the other evidence, but, if the latter is admissible, is to be decided upon both. It has been lately held that the writ of venditioni exponas, being merely incidental to the statutory writ of execution, need not be noted on the docket at all. Ludtke v. Bankers' Co. (Tex. Civ. App.) 251 S. W. 600. If this is the law, unless in an exceptional case, as one of usage to the contrary upon the part of a particular clerk—and there was none here—the omission of such a record would not negative the issuance of the writ to any extent.

[4] Though some of the recitals in the deed because of hearsay or conclusions might, among other reasons, have been inadmissible as recent evidence, still, since they were made at such an ancient date as they were, and had been allowed to remain and mean what they said until the time of trial, they were not, under these circumstances, objectionable. Magee v. Paul, 110 Tex. 478, 221 S. W. 254.

[5] Complaint is made that only a copy of the deed was offered. The record shows the contrary. If it is mistaken in this respect, either the original, or, if proper predicate is laid, a certified copy, may be admitted. Holmes v. Coryell, 58 Tex. 686.

[6] The circumstance that a second execution issued five years after the registration of the sheriff's deed for the same amount as the first, if it is any evidence, is not conclusive that there was no previous sale or avails upon it. The sheriff's return is not chargeable to his purchaser. Harris v. Mayfield (Tex. Com. App.) 260 S. W. 835.

All of the objections that are made to the deed have been considered, regardless of whether, on account of the practice in connection with them, they should or should not have been recognized.

The writ of venditioni exponas, which, after the judgment and execution in evidence, was the source of the power to execute the deed, and the proper proceedings under that writ, could have been presumed, if the instrument had been considered as a part of the evidence, in view of the long claim under this ancient and anciently recorded deed by the successors of the grantee in it, their continued rendition of it for taxes and payment of the taxes, their acts of ownership, the lack of claim of the defendant in execution, his heirs and legal representatives, their acquiescence in the execution title, the notoriety and general recognition of such title, the recitals in the sheriff's deed which was without suspicion and came from a proper source, and the impossibility of better evidence. The rule admitting such a deed under those circumstances is based upon necessity and is vindicated by the probability of official regularity and by human experience in like cases. That it applies here is shown by many decisions, some of them involving facts of less strength. Veramendi v. Hutchins, 48 Tex. 553; Heirs of Logan v. Pierce, 66 Tex. 126, 18 S. W. 343; Tucker v. Murphy, 66 Tex. 355, 1 S. W. 76; and cases following it in volume 69 Texas; O'Donnell v. Johns & Co., 76 Tex. 362, 13 S. W. 376; Henzel v. Kegans, 79 Tex. 347, 15 S. W. 275; Giddings v. Day, 84 Tex. 605, 19 S. W. 682 (note this case especially); Magee v. Paul, 110 Tex. 471, 221 S. W. 254; Harris v. Mayfield (Tex. Com. App.) 260 S. W. 835; Smitherman v. Louisiana, etc., Co. (Tex. Civ. App.) 130 S. W. 633; Humphreys v. Green (Tex. Civ. App.) 234 S. W. 562. The list could be lengthened.

We recommend that the judgment of the Court of Civil Appeals reversing and remanding that of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.