## GLENN v. HOLLUMS et ux.

### GLENN et al. v. EAVES et ux.

### Nos. 7681, 7682.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1935.

E. M. Critz, of Coleman, Texas, for appellants in both cases.

E. H. Foster, of Amarillo, Tex., and J. D. Thomas, of Farwell, Tex., for appellees in No. 7682.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

These cases involve identical questions of law which will be disposed of together.

In the Hollums case, No. 7681, the facts are that in a suit in a Texas state court upon certain promissory notes payable to Temple Trust Company, appellant H. C. Glenn, as receiver of said Trust Company, on November 28, 1933, secured a judgment and foreclosure of deed of trust lien against lands in Floydada, Tex., then owned by Hollums. An appeal from that judgment was taken, but no supersedeas perfected. An order of sale was issued, pursuant to which on August 7, 1934, the sheriff of Floyd county, Tex., sold and appellant purchased the lands at public sale. A sheriff's deed was delivered September 4, 1934.

In the Eaves case, No. 7682, the facts are that Eaves was the owner of lands in Parmer county, Tex., encumbered by a mortgage held by Glenn, as receiver of Temple Trust Company. Glenn secured judgment of foreclosure in a Texas state court, May 4, 1934, upon which judgment order of sale issued and said lands sold at public sale by the state sheriff to appellant Glenn, as receiver, on July 3, 1934. No sheriff's deed appears to have issued in this case.

In neither case did the purchaser, Glenn, pay the purchase price in cash. It was agreed that the sums bid should be credited on the respective judgments, which was done.

The debtors, Hollums and Eaves, had not been dispossessed in either case, nor had the sheriff's deed issued in the Hollums case, when Hollums on September 3, 1934, and Eaves on or about July 31, 1934, filed in the United States District Court, for the Northern District of Texas, their separate petitions as farmers seeking relief under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203), known as the Agricultural Compositions and Extensions Act. Upon filing their petitions in bankruptcy, Hollums and Eaves each filed separate plenary equity suits in the United States District Court, asserting that their property had been brought under the exclusive and paramount jurisdiction of the bankruptcy court; that further proceedings under the state court judgments should be stayed; and praying that appellants be enjoined from dispossessing them pursuant to the sheriff's sales already mentioned. 11 U.S.C.A. § 203 (n) and (o). The District Court granted the injunctions thus sought. The appeals here are from those decrees.

In effect, subsection (n), supra, provides that the filing of a petition in the court of bankruptcy shall subject the farmer and "his" property to the exclusive jurisdiction of that court. Subsection (o), supra, in effect provides that except upon petition granted by the court of bankruptcy (which has not occurred in these cases), certain designated proceedings shall not be instituted nor maintained in any court against "the farmer or his property," amongst which are proceedings to recover debts; to foreclose mortgages; to sell land in satisfaction of any judgment; and "seizure, distress, sale, or other proceedings under an execution * * * or mortgage."

■ In the Hollums case, the appeal without supersedeas did not suspend that judgment, but execution was properly issued thereon as if no appeal had been taken. Cleveland v. Alpine Lumber Co. (Tex.Civ. App.) 70 .S.W.(2d) 257. As the sheriff's deed in the Hollums case was not delivered until one day after his petition in bankruptcy was filed, we shall consider that case as if no deed had been delivered.

■ The effect of the sheriff's sales in question is to be determined by the laws of Texas. Board of Trade of City of Chicago v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 68 L. Ed. 533; Lafayette Life Ins. Co. v. Lowmon (C.C.A. 7, decided November 15, 1935) 79 F.(2d) 887.

■ In Texas, title acquired at an execution sale may be established by proof of a valid judgment, issuance of an execution thereon, a sale thereunder, the acceptance of a bid by the sheriff, payment of the costs, and payment of the purchase money either in cash or by crediting the judgment with the amount bid at the sale. Proof of these matters establishes an "equitable and superior" title in the purchaser. A deed from the sheriff is a ministerial act not essential to the investiture of title. Donnebaum v. Tinsley, 54 Tex. 362, 365; Rosenthal & Desberger v. Mounts (Tex.Civ.App.) 130 S.W. 192; Reeder v. Eidson (Tex.Civ. App.) 102 S.W. 750, reversed on other grounds, 101 Tex. 202, 105 S.W. 1113; Gillette v. Davis (Tex.Civ.App.) 15 S.W.(2d) 1085; Griggs v. Montgomery (Tex.Civ. App.) 22 S.W.(2d) 688, 694; Logan's Heirs v. Pierce, 66 Tex. 126, 18 S.W. 343; Willis v. Smith, 66 Tex. 31, 17 S.W. 247. "The bid and payment of the purchase money * * * constitute the purchaser's right; and the deed is merely evidence of that right." Miller v. Alexander, 8 Tex. 36.

A title thus established, even in the absence of a sheriff's deed, will support an action of trespass to try title, or to recover the land. In the absence of prior equities, it is just as effectual to support recovery of the lands as a legal title. Gillette v. Davis, supra; Tanton v. State Nat. Bank (Tex. Civ.App.) 43 S.W.(2d) 957, 963; Hardy v. Beaty, 84 Tex. 562, 19 S.W. 778, 31 Am. St.Rep. 80; Burney v. Burney (Tex.Civ. App.) 261 S.W. 182; Smith v. Price (Tex. Civ.App.) 230 S.W. 836.

The District Judge so construed the law of Texas, but was of the opinion that as appellees are in possession and hold the legal title, appellant's title being equitable, and since the inhibitions of section 75 (o), 11 U.S.C.A. § 203 (o), extend to matters affecting possession as well as title, any further proceedings by appellant to gain possession should be enjoined as contrary to section 75 (o), no leave to institute such proceedings having been granted by the court of bankruptcy.

By virtue of the sheriff's sales, appellant concededly acquired an "equitable and superior" title to the lands prior to the filing of the petitions in bankruptcy. That title

was in no sense inchoate. It had vested. It created in the purchaser a property right which can be divested only by due process. It was a title which would support an action for recovery of the land. Appellant's former lien was extinguished, as was also the debt it secured, to the extent of appellant's bids at the sale. The land was no longer the property of the debtors. To the extent of his bid at the sheriff's sale, appellant was no longer a creditor of, and had no provable claim in bankruptcy against, the debtors. Nothing remains to be done to complete the superior title which passed by the sheriff's sales, except the purely ministerial act of delivering the sheriff's deed, to which appellant was and is unconditionally entitled, and the sheriff ready to perform, without the institution or maintenance of any further "proceedings." No confirmation of the sale by the court was necessary. Mere delivery of the deed would unite the legal with the equitable and superior title already vested in appellant. As to the bare legal title remaining in the debtors, they are mere trustees for the purchaser. They have no enforceable interest in the lands by virtue of that title.

Section 75 of the Bankruptcy Act (11 U.S.C.A. § 203) does not purport to alter or enlarge property rights created by the laws of the states. Courts of bankruptcy must administer the debtor's property as they find it. They cannot undo what has already been lawfully done by a court of competent jurisdiction.

Under article 2219, R.S. Texas, it is the sheriff's ministerial duty to put the purchasers in possession thirty days after the sale. No period of redemption is allowed, nor is any judicial proceeding or order necessary. Compare In re, Borgelt (D.C.) 10 F.Supp. 113. The dominant title having already vested in appellant, the debtors were wholly without any enforceable title to or interest in the lands over which the court of bankruptcy could acquire jurisdiction or which it could administer when they filed their petitions under section 75. Nor had the debtors any enforceable right to possession which could be dealt with by a court of bankruptcy. Having neither an enforceable title nor right to possession, section 75 does not contemplate that the debtors be protected in a bare occupancy at sufferance which they could not maintain under the laws of their state. Possession of the latter character is not a property right. Lafayette Life Ins. Co. v. Lowmon (C.C.A. 7,

decided November 15, 1935) 79 F.(2d) 887; In re Faber (D.C.) 11 F.Supp. 555; In re Knauft (D.C.) 10 F.Supp. 785; In re Nelson (D.C.) 9 F.Supp. 657.

To put appellant in possession pursuant to the sheriff's sales (article 2219, R.S. Texas) would not constitute a "seizure" as contemplated by section 75 (o) (6), 11 U.S.C.A. § 203(o) (6). Seizure was complete, and the property in custody of the state court which rendered the judgments, when the execution was levied and the levy indorsed on the writ. Wilkinson v. Goree (C.C.A.) 18 F.(2d) 455, certiorari denied 274 U.S. 761, 47 S.Ct. 770, 71 L.Ed. 1339; article 3793, R.S. Texas.

In each case, the decree appealed from is reversed, and the cause remanded, with directions to dismiss the bill of complaint.