### FRIONA STATE BANK v. EAVES.

### No. 4899.

Court of Civil Appeals of Texas. Amarillo.

May 9, 1938.

Rehearing Denied June 6, 1938.

Aldridge & Aldridge, of Farwell, for plaintiff in error.

J. D. Thomas, of Farwell, for defendant in error.

JACKSON, Chief Justice.

The record is somewhat voluminous, but an extended statement is not necessary because there is no complaint of the pleading and, in our opinion, a disposition of this appeal is controlled by the following uncontroverted facts:

On March 9, 1934, A. L. Eaves executed and delivered his two promissory notes, one for the sum of $280.94, and the other for $67.45, each bearing interest at the rate of 10% per annum and each payable to the order of the Friona State Bank on June 26, 1934, and the payment thereof was secured by a chattel mortgage covering certain personal property owned by Mr. Eaves.

Under the Federal Drouth Relief Cattle Purchasing Program, Mr. Eaves as producer, on October 14, 1934, consummated a contract with an agent of the United States by the terms of which he sold and delivered to the Government certain cattle in payment of which a voucher was issued payable to Mr. Eaves in the sum of $322.00, but was not delivered to him because the Friona State Bank claimed that its mortgage was valid, subsisting and covered the cattle, and the sale had been made without its knowledge or consent.

On account of this claim, the bank and Mr. Eaves, on November 27, 1934, by agreement, deposited the $322.00 evidenced by the voucher in the Friona State Bank as a special fund in the name of J. D. Thomas, Trustee, who was authorized to pay $67.50 thereof to other parties, but the

balance of $255.00 was to remain on deposit subject to the disposition of a bankruptcy suit theretofore instituted by Mr. Eaves in Federal Court under the Frazier-Lemke Act, 11 U.S.C.A. § 203(s). The contract stipulated that in the event the petition in bankruptcy should be dismissed, the $255.00 placed in trust was to be paid to the Friona State Bank or the party who established his interest therein in a court of competent jurisdiction. The United States Circuit Court dismissed the bankruptcy proceedings of Mr. Eaves under the Frazier-Lemke Act on December 10, 1935, and such judgment became final. Glenn v. Hollums, 5 Cir., 80 F.2d 555. On June 7th, preceding, the bank had, without the consent of Mr. Eaves or his attorney, applied the $255.00 fund to its own benefit by applying it as a credit on the notes it held against Eaves.

On January 15, 1936, the appellee, A. L. Eaves, by a first amended original petition prosecuted this suit in the District Court of Parmer County against the appellant, the Friona State Bank, to recover the $255.00 actual damages for the breach of the contract under which said sum was deposited.

The appellee alleged that the appellant had on March 7, 1935 appropriated said $255.00 to its own use and benefit by which he sustained actual damage in the sum of $255.00 with interest, and in the appropriation of said fund had acted wilfully, maliciously, and with the intention of injuring the appellee, and by reason thereof he had suffered and was entitled to recover $500.00 exemplary damages in addition to his actual damages.

The appellant answered by general denial; alleged the indebtedness to it evidenced by the notes of the appellee; asserted that it had a valid mortgage lien covering the cattle sold to the Government; that such sale was without its knowledge and consent; that the $255.00 were the proceeds of the sale of said mortgaged cattle and it had a lien thereon; that it had applied said fund as a payment on its notes; that Mr. Eaves was totally insolvent, and by way of cross-action, sought judgment against him for its debt, less the credit of $255.00.

In response to the only issue submitted by the court the jury found, in effect, that the mortgage of the bank covered twenty-two head of cattle sold by Mr. Eaves to the United States Government.

On this finding the court rendered judgment in the sum of $300.25 with interest for the appellant against the appellee, and judgment for the appellee against the appellant for the sum of $105.34, from which judgment this appeal is prosecuted by writ of error.

The court refused to credit the $105.34 decreed to appellee on the $300.25 adjudged to appellant and thereby required the appellant to pay appellee the judgment in his favor and leave the appellant with an uncollectable judgment against the insolvent appellee.

The Emergency Cattle Agreement entered into by appellee with the Government provides substantially that where the owner or "producer" sells cattle to the Government against which there is a valid lien that the amount designated in the contract as "benefit payment" shall be paid to the producer and the amount designated therein as "purchase payment" shall be paid to the "lien holder", and admittedly, the court gave appellee judgment for the "benefit payment", $105.34, on such provision. However, in order to bind the lien holder, this emergency contract should have been signed by such lien holder as well as by the producer. The emergency agreement was not signed by the lien holder bank and therefore the provisions in the contract binding it to accept the "purchase payment" and release its lien were not enforceable against it.

The producer had represented in the Emergency Cattle Agreement that there was no lien against the cattle which he sold to the Government, but since the court determined in this trial that the appellant had a valid mortgage and the record shows it did not sign the emergency agreement, the sale and delivery of the cattle by the appellee was without justification and he did not acquire any right to the "benefit payment."

The contract between the appellant and appellee stipulates in effect that in the event appellee's petition in bankruptcy was dismissed by the Federal Court, that the $255.00 deposited should be paid to appellant or to any other party who might establish his claim thereto in a court of competent jurisdiction. The bankruptcy suit was dismissed; the appellant established its debt and a valid mortgage on the cattle for which appellee was to receive the $255.00; the special fund included both the "benefit payment" and the "purchase

payment" and was deposited as the proceeds of the sale of such mortgaged cattle and appellant, when its debt and mortgage were determined, had an equitable lien thereon under the contract between appellee and appellant to the entire fund superior to any claim of appellee thereto.

The court determined that appellee was indebted to appellant in a sum exceeding the $255.00, the amount it had applied as a payment on appellee's notes, and since appellee had no right to any part of the sum so credited, the court erred in rendering judgment for him in the sum of $105.34.

The judgment for appellee is reversed and here rendered that he take nothing by his suit, but in all other things is affirmed.