**HOLLUMS et al. v. HICKS.**

No. 5588.

Court of Civil Appeals of Texas. Amarillo.

March 20, 1944.

Rehearing Denied April 24, 1944.

W. E. Grimes, of Floydada, and Monning & Singleton, of Amarillo, for appellants.

E. L. Klett, of Lubbock, for appellee.

PITTS, Chief Justice.

Appellant, Maud E. Hollums, joined by her husband, John A. Hollums, filed suit September 22, 1941, in trespass to try title against appellee, I. W. Hicks, who answered and filed a cross-action in trespass to try title. The trial court peremptorily instructed the jury to return a verdict against appellants and for appellee and rendered judgment accordingly, from which judgment appellants perfected their appeal to this court.

Appellants pleaded that on November 4, 1939, Maud E. Hollums owned as her separate property Lots 7 and 8 in Block 89 of the town of Floydada, Floyd County, Texas, which lots were conveyed to her on November 28, 1922, by her husband, John A. Hollums; that on November 4, 1939, appellee dispossessed her of said property, unlawfully entered upon the same and still withholds it from her to her damage in the sum of $20 per month as a reasonable rent for the same.

Appellee answered on December 21, 1941, with a general denial, a plea of not guilty, and that all title of appellants was divested by foreclosure suit against them in the District Court of Bell County, Texas (reported Tex.Civ.App., 82 S.W.2d 731) as a result of which the property in question was sold by order of sale at a sheriff's sale at which H. C. Glenn, receiver for the Temple Trust Company, plaintiff in the Bell County suit, bought the property in good faith without notice of any adverse claim by appellants. Appellee further alleged that subsequently appellants sought recovery of the title to the said property in a suit filed in the Federal Court styled Maud A. Hollums and husband vs. H. C. Glenn, receiver of the Temple Trust Company, and also sought injunctive relief in said suit, alleging that appellants, who were plaintiffs in that suit, were the owners of the said property and thus put in issue in the said suit the title and possession of the said property; that the title and possession of the said property were litigated and adjudicated adversely to appellants in the said suit; that the proceedings and judgment rendered in the Federal Court case constituted res adjudicata and was a bar to any recovery by appellants; that appellee purchased the said property from H. C. Glenn, receiver of the Temple Trust Company, after the said receiver had established a superior title to the property over any title claimed by appellants. Appellee further alleged that appellants were indebted to Glenn, receiver, and mortgaged the said property to Glenn, as shown by the Bell County judgment; that Glenn purchased the land at a sheriff's sale as a result of the foreclosure suit and took possession of the land and became a mortgagee in possession; that appellee bought the said land from Glenn, receiver, took possession of the same and became a mortgagee in possession and paid delinquent taxes on the property in the sum of $350; that appellants have never paid nor offered to pay the mortgage, judgment or taxes and that appellee having become a mortgagee in possession ought to retain possession of the property. Appellee pleaded the ten-year statute of limitation, for protection as an innocent purchaser and that appellants made a collateral attack on the proceedings and judgments had after the lapse of four years and were thus barred by the four-year statute of limitation. Appellee further pleaded that appellants have acknowledged the foregoing proceedings and judgments and have acquiesced in them and have known that appellee purchased the lots in question, took possession of them, paid the taxes on them and placed valuable improvements on them and that appellants were estopped from recovery due to their laches, delay and inequitable conduct. Appellee concluded with a cross-action against appellants in a trespass to try title.

Appellants replied to appellee's pleadings with a general denial filed on July 4, 1943 and further alleged that no title was vested in appellee by reason of the Bell County foreclosure suit since there was a failure of title due to the fact that no alias order of sale of the property in question issued as a result of the Bell County judgment, that the purported sheriff's sale did not convey the property, that such a sale was not legal in that it was not conducted at the courthouse door and that there was no lawful announcement of the sale prior thereto; that the sale was not valid because

the officer who executed the writ did not sign the deed and that the deed was not executed on the date provided for in the posted notice of sale and that the said date of the deed was changed after its execution. Appellants alleged further that no adjudication occurred in the Federal Court case between appellants and Glenn, receiver; that the proceedings in that case were those instituted by John A. Hollums in bankruptcy and did not involve the property in question here, which belonged to Maud E. Hollums as her separate property and that the Federal Court did not acquire jurisdiction to determine the title to the property in question in the instant case and a judgment from the Federal Court would not bind Maud E. Hollums; that appellee is not a mortgagee in possession; that the debt of John A. Hollums to Glenn, receiver, was never a valid debt of Maud E. Hollums and that the said purported debt had been paid and a release of judgment recorded; that the statutes of limitation did not apply and that neither appellee nor Glenn had paid any taxes as they became due; that appellee did not purchase the property in question either in good faith or for value and that appellee had notice of appellants' claims and purchased the same in total disregard of appellants' rights; that the said property had a value of more than $2,500 but that appellee paid less than ten cents on the dollar for it; that Glenn, receiver for Temple Trust Company, converted the property pursuant to a purported sheriff's sale on September 4, 1934, under a void alias order of sale; that the reasonable market value of the property with the improvements was $7,500; that the Temple Trust Company removed some of the improvements and destroyed $4,500 of the said value and thus damaged the appellants to that extent whereby all previous indebtedness existing against the said property was paid and cancelled and the title to the property became clear and became vested in Maud E. Hollums; that they never acknowledged or acquiesced in any of the former proceedings and judgments but had opposed same and claimed the property as the homestead of Maud E. Hollums continuously since 1922, and prayed for judgment as before.

Appellants complain that the trial court erred in giving a peremptory instruction to the jury on the theory that appellants' rights to recover were barred because of res adjudicata or estoppel by former proceedings and judgments rendered or on the theory that appellee's position was that of a mortgagee in possession and that it erred in so instructing the jury since the source of title was stipulated to be in appellants.

Appellee challenges all of such claims made by appellants.

The record discloses that on October 19, 1932, appellants executed a renewal deed of trust for $2,900, which was a renewal of a mechanic's and materialman's liens and deed of trust previously given covering the property in question; that subsequently, on November 28, 1933, a judgment was rendered in the District Court of Bell County, Texas, in favor of H. C. Glenn as receiver for Temple Trust Company, and against appellant, John A. Hollums, for $3,378.30, and a foreclosure of the above-mentioned deed of trust against John A. Hollums and wife, Maud E. Hollums, and it was ordered and adjudged that the property in question (the same being the property that is involved in the instant case) be sold as under execution to satisfy the said judgment; that on June 21, 1934 an order was issued out of the said court to the sheriff or any constable of Floyd County, Texas, to sell the said property to pay the said judgment; that in pursuance of the execution and order of sale the sheriff did levy upon and advertise the said property, together with all the improvements thereon, for sale and did on August 7, 1934, sell same to the said receiver for a sum credited on the judgment and did on September 4, 1934, execute and deliver a deed of sale; that thereafter, on September 6, 1934, John A. Hollums and wife, Maud E. Hollums, filed a petition against H. C. Glenn, receiver of Temple Trust Company et al., in the District Court of the United States for the Northern District of Texas at Lubbock, alleging that John A. Hollums had on September 3, 1934, filed his petition in bankruptcy, giving the said court jurisdiction of the property in question, alleging the facts with reference to the judgment rendered by the Bell County District Court, and that H. C. Glenn, receiver, had become the purchaser at public sale of the property in question (it being the same property involved in the instant suit) and was attempting to dispossess petitioners and oust them from the said property; petitioners prayed that the court restrain H. C. Glenn, as receiver of Temple Trust Company, his agents, servants, employees and the Sheriff

of Floyd County from dispossessing or ousting applicants.

The trial judge of the United States District Court granted a temporary restraining order as prayed for on September 6, 1934, and set the matter for further hearing on September 13, 1934, when the case was heard on its merits and a judgment entered perpetuating the injunction as prayed for, from which judgment H. C. Glenn, receiver, perfected his appeal to the United States Circuit Court for the Fifth Circuit, which court reversed the trial court's judgment and remanded the cause as is reported, Glenn v. Hollums et ux., 80 F.2d 555, 556.

The opinion of the Court of Appeals, Fifth Circuit, goes into the facts quite fully and finds that Hollums had not been dispossessed nor the sheriff's deed delivered when J. A. Hollums filed his petition in bankruptcy; that an appeal from the judgment in the Bell County, Texas Court, without supersedeas, did not suspend the judgment but execution was properly issued as if there had been no appeal and that since the sheriff had not delivered the deed when Hollums filed his petition in bankruptcy, the case was considered as if no deed had been delivered. The court said in its opinion:

"In Texas, title acquired at an execution sale may be established by proof of a valid judgment, issuance of an execution thereon, a sale thereunder, the acceptance of a bid by the sheriff, payment of the costs, and payment of the purchase money either in cash or by crediting the judgment with the amount bid at the sale. Proof of these matters establishes an 'equitable and superior' title in the purchaser. A deed from the sheriff is a ministerial act not essential to the investiture of title. Donnebaum v. Tinsley, 54 Tex. 362, 365; Rosenthal & Desberger v. Mounts, Tex. Civ.App., 130 S.W. 192; Reeder v. Eidson, Tex.Civ.App., 102 S.W. 750, reversed on other grounds, 101 Tex. 202, 105 S.W. 1113; Gillette v. Davis, Tex.Civ.App., 15 S.W.2d 1085; Griggs v. Montgomery, Tex.Civ.App., 22 S.W.2d 688, 694; Logan's Heirs v. Pierce, 66 Tex. 126, 18 S.W. 343; Willis v. Smith, 66 Tex. 31, 17 S.W. 247. 'The bid and payment of the purchase money * * * constitute the purchaser's right; and the deed is merely evidence of that right.' Miller v. Alexander, 8 Tex. 36.

"A title thus established, even in the absence of a sheriff's deed, will support an action of trespass to try title, or to recover the land.

$*$ $*$ $*$ $*$ $*$ $*$

"By virtue of the sheriff's sales, appellant concededly acquired an 'equitable and superior' title to the lands prior to the filing of the petitions in bankruptcy. That title was in no sense inchoate. It had vested. It created in the purchaser a property right which can be divested only by due process. It was a title which would support an action for recovery of the land. Appellant's former lien was extinguished, as was also the debt it secured, to the extent of appellant's bids at the sale. The land was no longer the property of the debtors. To the extent of his bid at the sheriff's sale, appellant was no longer a creditor of, and had no provable claim in bankruptcy against, the debtors. Nothing remains to be done to complete the superior title which passed by the sheriff's sales, except the purely ministerial act of delivering the sheriff's deed, to which appellant was and is unconditionally entitled, and the sheriff ready to perform, without the institution or maintenance of any further 'proceedings.' No confirmation of the sale by the court was necessary. Mere delivery of the deed would unite the legal with the equitable and superior title already vested in appellant."

█ It appears to us that appellants invoked the jurisdiction of the Federal Court for the purpose of determining in part, at least, the same issues that are involved between the same parties or their successors and the same property involved in the instant case with the result that an adverse judgment was finally rendered against them. It is our opinion that since appellee purchased the property in question from H. C. Glenn, receiver, the proceedings and judgments previously rendered involving the same property, the same issues and the same parties, or their successors, constitute an estoppel and thus preclude appellants from recovery in the instant suit and that the trial court properly held that such proceedings and judgments were conclusive. Mayfield Co. v. Rushing, 133 Tex. 120, 127 S.W. 2d 185, 124 A.L.R. 1210; Rio Bravo Oil Co. et al. v. Hebert, 130 Tex. 1, 106 S.W.2d 242; Loving County v. Higginbotham, Tex.Civ. App., 115 S.W.2d 1110; 26 Tex.Jur. 14, sec. 354, 179 sec. 437, and 194 sec. 444, and other authorities there cited.

The record discloses that the property in question was mortgaged to the purchaser at sheriff's sale for $3,378.30; that there was a deficiency judgment of $1,125.40 after the sheriff's sale; that in addition to the purchase price appellee assumed the payment of delinquent taxes on the said property in the sum of $1,100, of which sum appellee had paid $700 at the time of the trial; that no payment or tender by appellants of the purchase price of the property has been made except a claim that the obligation has been discharged by reason of a conversion by H. C. Glenn of some of the improvements on the said property. We do not believe such a claim is tenable under the record since the rule is well established that an offset for damages caused by the receiver's conversion is not authorized unless the pleadings and the proof show that such acts of the receiver were authorized. Kansas City, M. & O. R. Co. of Texas v. Weaver, Tex.Civ.App., 191 S.W. 591; Brazelton & Johnson v. J. I. Campbell Co. et al., 49 Tex.Civ.App. 218, 108 S.W. 770. The record in the instant case does not bear such a construction. In the absence of pleadings and proof to the effect that the receiver had authority for removing the improvements in question from the lots in question, the assets of the company are not liable but the receiver or his bondsman must be held liable for any damages caused by conversion.

It is also a well-established rule that a mortgagee who has purchased at a foreclosure sale "irregular or void as to mortgagor" and who has taken possession, may retain possession against the suit of the mortgagor until the mortgagee's debt is paid and that a vendee of such a purchaser steps into the shoes of the mortgagee in possession. Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329; Connor Bros. v. Williams et al., 130 Tex. 572, 112 S.W.2d 709, and authorities there cited.

In addition to the disposition herein above made of the question of estoppel, it is our opinion that appellee is a vendee of the mortgagee in possession and that under the record in this case appellants are not entitled to recover for that reason as well as for other reasons given above.

We believe the trial court properly instructed the jury and its judgment is therefore affirmed.