MOLLIE TERRY SMITH ET AL. v. MILDRED M. CROSBY ET AL.

No. 138.

1. **Description of Land Levied on Held Sufficient.**—The levy was upon " all the right, title, and interest of the defendant, J. Mayrant Smith, in and to league number 6, Galveston County, originally granted to Samuel C. Bundick, and known as the Virginia Point league."  At the time of the levy, and before the rendition of the judgment against Smith, there had been a partition decree of the District Court of Galveston County, in a suit for partition between Smith's executor and the other part owners, in which eleven twenty-fourths of the league had been set apart to the executor, including all that portion of the league lying west and south of the Galveston, Houston & Henderson Railway, with the exception of a designated tract, but this decree had not been recorded. The above description was held sufficient.

2. **Voluntary and Forced Sales—Description.**—In a voluntary sale, the presumption is that something was intended to be conveyed, and every presumption will be indulged in favor thereof; but no such presumption obtains when the sale is involuntary, because the debtor does not intend a sale, and so the property must be sufficiently described to enable the bidders to know what is being sold, and such description is not aided by description contained in the sheriff's deed, because written after the sale.

3. **Valid Levy.**—Unquestionably the levy would have been valid prior to the decree of partition, and though we fully recognize in this case that the description is very defective when applied to the interest sold, a majority of the court is of opinion that it is sufficient, when considered under all the circumstances of the case, and the judgment is affirmed.

APPEAL from Galveston.   Tried below before Hon. W. H. STEWART.

*Robert G. Street,* for appellants.—The execution sale was void and voidable, because the notice thereof was not given for the length of time required by law, and the levy and proceedings thereunder did not describe or sufficiently describe the property or interest sold or undertaken to be sold; and the same was sold for a price so grossly inadequate and unconscionable as to render the same fraudulent.   The description of the same in the levy, notices of sale, and sheriff's deed, was insufficient to convey the property.   Pfeiffer v. Lindsay, 66 Texas, 124; Norris v. Hunt, 51

Texas, 609; Wofford v. McKinna, 23 Texas, 36; Donnebaum v. Tinsley, 54 Texas, 362; Mitchell v. Ireland, 54 Texas, 305; Whatley v. Newcombe, 10 Ga., 74; Williams v. Baynes, 84 Ga., 116; Clemens v. Runnels, 34 Mo., 579; Henry v. Mitchell, 32 Mo., 519; Jackson v. Rosevelt, 13 Johns., 102; Jackson v. De Lancey, 11 Johns., 373; Jackson v. De Lancey, 13 Johns., 551; Simons v. Cotton, 2 Caine, 61; Paine v. Webster, 1 Vt , 101; Arms v. Burt, 1 Vt., 319; Brown v. Dickson, 2 Humph., 395; Waters v. Duvall, 6 Gill & J., 76; Brown v. Smith, 7 B. Mon., 361; Gault v. Woodbridge, 4 McLean, 329.

*S. S. Hanscom,* for appellees.—The levy upon " all the right, title, and interest of defendant, J. Mayrant Smith, in and to league number 6, in Galveston County, originally granted to Samuel C. Bundick, and known as Virginia Point league " (the same description being in the deed from the sheriff) was sufficient to enable a purchaser to ascertain and identify the land, and was therefore good.    Rev. Stats., art. 2316; Wilson v. Smith, 50 Texas, 365; Goldman v. Douglass, 81 Texas, 648; Giddings v. Day, 84 Texas, 605; Camley v. Stanfield, 10 Texas, 546; Kingston v. Pickins, 46 Texas, 99; Freem. on Ex., sec. 281, pp. 462, 463, 466–468; Humphrey v. Wade, 84 Ky., 391.

GARRETT, CHIEF JUSTICE.—This suit was instituted by the appellant, joined by her husband, J. Mayrant Smith, to recover of the appellees certain land situated in Galveston County, about 1080 acres of the Samuel C. Bundick, or Virginia Point, league.    Defendants pleaded general denial, not guilty, and specially by way of estoppel; and the defendant George, for himself, pleaded the statute of three, five, and ten years limitation as to a tract of 100 acres to which he claimed title.

Trial was had without a jury, and judgment was rendered in favor of the defendants.

Plaintiff claimed title to the land by virtue of a deed from her husband, J. Mayrant Smith, who inherited it from his father, William R. Smith. Defendants claimed under an execution sale by virtue of a judgment in favor of the defendant the Galveston Real Estate and Loan Association, against the said J. Mayrant Smith.    Although originally brought to set aside the execution sale, the suit is virtually one of trespass to try title, and the execution sale is attacked only on the ground that the property is not sufficiently described in the levy of the execution, return of sale, and sheriff's deed; there being no dispute as to the sufficiency of the consideration for the conveyance from J. Mayrant Smith, the execution debtor, to his wife, the plaintiff below.

The facts necessary to a disposition of the case show, that a valid execution issued out of the District Court of Galveston County on the 22nd day of July, 1879, on a judgment in favor of the Galveston Real Estate

and Loan Company against J. Mayrant Smith, rendered March 7, 1879, and on August 13, 1879, was levied on " all the right, title, and interest of the defendant, J. Mayrant Smith, in and to league number 6, Galveston County, originally granted to Samuel C. Bundick, and known as Virginia Point league." The sale was made September 2, 1879, when the plaintiff in execution, the Galveston Real Estate and Loan Company, became the purchaser. The same description was carried into the return of sale and the sheriff's deed. It is not shown what description the notices of sale contained.

Defendants William R. Johnson and R. F. George claim the land in controversy by deeds of conveyance from the loan company, which invested them with the title to the land, if any passed by the sheriff's sale to the loan company.

Before the rendition of the judgment in favor of the loan company against Smith, a partition had been had by a decree of the District Court of Galveston County in a suit by William R. Smith's executor against Jones and Parr, in which eleven twenty-fourths of the league was set apart to the executor, including all that portion of said league lying west and south of the Galveston, Houston & Henderson Railway, with the exception of a designated tract. The decree of partition was rendered May 8, 1878, and was recorded in the record of deeds for Galveston County on March 2, 1885.

At the time of the levy and sale the interest of J. Mayrant Smith in the Bundick league was an undivided one-half of the above described portion of the league which had been set apart to William R. Smith's estate. There was a subsequent partition of the land between the purchasers from the loan company and the representatives of the other half-interest.

The distinction to be observed in applying the description of real estate sought to be conveyed to the property in the case of sales in invitum and voluntary sales is well recognized, and the rule has received frequent application in this State. Wofford v. McKinna, 23 Texas, 36; Norris v. Hunt, 51 Texas, 609; Pfeiffer & Co. v. Lindsay, 66 Texas, 124, and other cases. When a sale is the voluntary act of a person, it will be presumed that something was intended to be conveyed, and every presumption will be indulged in aid thereof; but no such presumption will be indulged in favor of an involuntary sale, as by a sheriff, of the debtor's property, because the debtor out of whom the title is to be divested does not intend a sale; so the property must be sufficiently described as to enable the bidders at such sale to know what is being sold, otherwise the rights of the debtor or of the plaintiff in execution might be sacrificed. For this reason, the levy endorsed on the execution and notice of sale thereunder must contain a sufficient description; and the description in the sheriff's deed can not be looked to in aid of the levy, because it is written after the sale, and bidders and persons attending the sale have not had the aid

thereof in determining what is offered for sale. Pfeiffer & Co. v. Lindsay, supra.

It must be determined, then, whether the description contained in the levy in this case, unaided by extrinsic testimony, other than such as would explain any latent ambiguity therein, is sufficient to identify with a reasonable degree of certainty the property sold. The earlier decisions of our Supreme Court were not so strict with regard to the description to be contained in the levy, and seemed to attach more importance to that contained in the deed. Coffee v. Silvan, 15 Texas, 354; Alexander v. Miller, 18 Texas, 893. But it is now well settled, that the levy itself should contain a description sufficient to identify the land that was sold by the sheriff.

It has been held, that a sale of all the interest of a person in an otherwise well described tract of land is void for uncertainty, as not defining what kind of an interest is sold. Whately v. Newcomb, 10 Ga., 74; Williams v. Baynes, 84 Ga. 116. But in Brown v. Smith, 7 B. Monroe, 361, it was said, in answer to an objection that the terms of the levy were upon the right, title, and interest of the execution debtor in the land, and not upon the land itself, that "the distinction is but nominal, and has been too generally disregarded in making levies and sales, for it to be now questioned whether a levy and sale in either mode is not sufficient, with the sheriff's deed, to pass to the purchaser such title as the defendant had subject to execution."

We have no question that the levy in this case was sufficient to sell whatever interest the defendant in execution had in the Bundick league, if the evidence as to the interest the defendant had will identify it as the thing sold with a reasonable degree of certainty. As we have seen, the description in the levy was "all the right, title, and interest of the defendant, J. Mayrant Smith, in and to league number 6, Galveston County, originally granted to Samuel C. Bundick, and known as the Virginia. Point league." Now, what was sold was an undivided half-interest of the defendant in execution, as the heir of William R. Smith, in and to eleven twenty-fourths of the league, set apart in a body to the estate of William R. Smith, and lying south of the Galveston, Houston & Henderson Railway track, in a partition of the league between said estate and Jones & Parr. The evidence further showed, that the interest of the said J. Mayrant Smith, prior to said partition, extended to the whole of the league, and that the decree of partition was made on May 18, 1878, but was not recorded in the record of deeds until long after the levy, which was made August 13, 1879. Unquestionably the levy would have been valid prior to the decree of partition, and would have been a valid seizure of an undivided one-fourth interest in the league, because the interest extended to the entire league, and not to an undivided and indefinite portion thereof. Now, when the levy was made and the land was offered

for sale, the bidders and persons attending the sale supposed that there was being offered for sale the undivided one-fourth interest of the defendant in execution in the league; but it turns out that there had been a partition of the league, and that the interest sold was really an undivided half of the eleven twenty-fourths of the league which had been set apart to the ancestor of defendant in execution. The cases cited by appellant (Henry v. Mitchell, 32 Missouri, 579, and Jackson v. De Lancy, 13 Johnson, 551) are extreme cases, although they illustrate the principle that the levy should be definite enough to reasonably identify the land that is sold; still it will be found that while governed by certain well defined principles of law, every case must rest upon its own particular facts. In the case at bar the description would be reasonaly certain, while in the illustration made by counsel, that a levy upon the Menard league, upon which the city of Galveston is situated, would not be a good levy upon a city lot, and it would be clearly void for uncertainty when the description came to be applied to the property that was actually seized. We fully recognize that the description in this case is very defective, when applied to the interest sold, but a majority of the court are of the opinion that it is sufficient, when considered under all the circumstances in the case; hence the judgment of the court below will be affirmed.

*Affirmed.*

Delivered April 27, 1893.

Justice WILLIAMS dissents.

Affirmed by Supreme Court, October 28, 1893.

WILLIAMS, ASSOCIATE JUSTICE, dissenting.—Not having agreed to the opinion and judgment of the majority of the court, I will briefly state the grounds of my dissent.

It is conceded, that at the time of the sheriff's sale under which defendants claim, J. Mayrant Smith neither owned nor claimed the whole of the Bundick league, nor any interest which extended throughout that tract; but that he did own an undivided interest in a smaller tract in the league, which had been segregated from the remainder. This the sheriff undertook to sell. There was no assumption made that the whole league was to be sold as Smith's property. The effort was to reach a portion of it which he did own. The description given of the thing to be sold was, all the right, title, and interest of Smith in the league. This did not fit the property which he owned, and which it is claimed passed by the sale. The right which Smith had to an undivided interest in a specific portion of the league is not, in my opinion, designated by the language used in the levy and deed.

The case is unlike one where a sale is made of the whole of a tract, and it subsequently turns out that the title of the judgment debtor was defective as to a part. Having bought the whole tract, the purchaser could, in such case, probably hold any part of it to which such debtor had a good title.

Here the effort was to sell a part under a description of the whole tract. The owner of the land could do this, for the courts would carry out his intention and ascertain what his interest was in the subject matter described. But the law, for the protection of the parties to executions, as well as of purchasers, requires sheriffs to so describe the property levied on that all may know from the description what is being sold; and will only allow parol evidence for the purpose of applying the description to the land, and of thereby identifying it. And the description must be sufficient for this purpose.

The words "right, title, and interest" are not, it seems, descriptive of the parcel of land to be sold, but are restrictive of the character of the title to be conveyed to the purchaser. To require parties interested to find out, by an investigation of titles, what lands the debtor owns, and from the result argue that those were the lands intended by the sheriff, would defeat the object of the well settled rule just stated.

In almost all of the descriptions which have been held defective by our Supreme Court, a large tract was sufficiently described; but the vice consisted in the effort to sell an undescribed portion of such larger tract.

Thus in this case, if the sheriff, to the language used, had added that the interest of Smith consisted of an undivided half or a specified number of acres in said league, there would be no pretense that a sale under such description could be upheld. And yet this is just the state of facts found to exist when the effort is made to apply the language employed in the levy and deed to the case.

The uncertainty and confusion which would arise in the minds of parties in the case supposed would not be removed, but augmented, by the fact that land not claimed by the debtor is included in the levy. Though bounds may be indicated which include that which is to be sold, this can not, it would seem, be sufficient if such land is not pointed out so that the public and the parties interested may know what it is.

I fail to perceive in what a description which undertakes to identify such a portion of a large tract as Smith owned by a description of such larger tract, is better than one which, in addition to describing the whole, undertakes, but fails, to designate the particular part to be sold.