## BARBER v. ROBERTSON.

No. 5894.

Court of Civil Appeals of Texas. Texarkana.

March 26, 1942.

342

T. A. Bath, of Henderson, and Conley K. Stevens, of Dallas, for appellant.

Caves, Waldrop & Shaw, of Henderson, for appellee.

WILLIAMS, Justice.

J. Arnold Robertson, plaintiff below, and Mrs. Wilma (Marion) Barber, defendant below, were married August 1, 1917, and divorced July 9, 1938. The divorce decree did not dispose of their property rights. An agreement entered into out of court, and not incorporated in the divorce decree, reads: "It is further agreed that the community property shall remain intact and not be sold, but that the proceeds of all said property shall be equally divided between the parties hereto." Wilma has since remarried and her husband joined pro forma as a defendant. In the instant suit, filed April 18, 1940, plaintiff sought to have a tract of land (hereinafter styled the 363-acre tract) out of the Josiah Thomas H. R. Survey in Rusk County declared to be his separate property and to remove cloud cast on his alleged title by reason of Wilma's claim that the tract was the community of herself and plaintiff. Pleading in the alternative, plaintiff sought to have the amount of the vendor's lien notes mentioned below impressed as a charge against the tract in favor of his separate estate. The suit also seeks to partition two small tracts of land, admitted to be community, and for an accounting of other alleged community funds and debts. The points presented, with one exception, deal with the status of the 363-acre tract.

In a deed dated November 9, 1928, forthwith filed for record, B. A. Robertson and wife, Beulah, the parents of Arnold, conveyed to him the fee simple title to the 363-acre tract with general warranty of title, in consideration of the execution and delivery by Arnold of five vendor's lien notes each in the sum of $200, of even date with deed, payable to B. A. Robertson on the 15th day of October 1929, 1930, 1931, 1932, and 1933, respectively. The notes provide for 5% interest per annum, the interest to be paid annually. The vendor's lien is retained in this conveyance, and acknowledged in the notes. No other consideration was given by plaintiff except above notes.

B. A. Robertson, the father, who died September 13, 1934, left an instrument, dated April 23, 1927, which from its contents could have been probated as his last will. It was not filed for probate. He named Beulah, his wife, independent executrix, and the clause relating to the disposition of his property reads: "It is my will and I direct that all of the property both real and personal, I may die seized and possessed of, shall pass to and vest in fee simple in my beloved wife, Beulah." On October 5, 1934, plaintiff, joined by his then wife, Wilma, and the other children of B. A. Robertson, deceased, executed and delivered to Beulah Robertson, their mother, a deed with warranty of title. Its pertinent part reads: "For and in consideration of the love and affection which we have and bear toward our mother, the said Mrs. Beulah A. Robertson, and in compliance with the known wish and desire of the said B. A. Robertson, deceased; have granted, sold, assigned and conveyed, and by these presents do Grant, Sell, Assign and Convey unto our said Mother, Mrs. Beulah A. Robertson, of the County of Rusk, State of Texas, all of our right, title, interest and claim, in and to all of the property, real and personal, of whatsoever nature and character, and wherever the same may be situated, owned, held and possessed by the said B. A. Robertson at the time of his death."

On October 6, 1934, the mother executed to Arnold a release to the five vendor's lien notes referred to above, and therein it is stated, " * * * said promissory notes having been fully paid off and discharged, both principal and interest, and at the time of their payment said notes were the property of the undersigned" (Beulah Robertson). At the same time the mother marked

each note paid and delivered them to Arnold. The deed from the heirs to Mrs. Robertson and the latter's release on the notes to plaintiff were filed for record October 6, 1934. Plaintiff never paid to his father or to his mother any part of the principal or interest called for in the notes.

Plaintiff alleged that he acquired the 363-acre tract "during the marriage" of himself and Wilma. He alleged that said tract "is now, and at all times since October 6, 1934, has been the separate property of plaintiff." In support of the latter claim and to have the tract decreed to be his separate property and to remove cloud from title arising by reason of Wilma's claim that it was their community estate, plaintiff pleaded the contents of the 1928 deed into him; the contents of the 1934 deed, its execution and delivery by the heirs, joined by his then wife, Wilma, to the mother; and the execution and delivery of the notes and release of the vendor's lien notes by the mother. He further alleged that the conveyance of his father to him evidenced by the deed of 1928 was intended as a gift of the land as his portion of his father's estate; that his father had loaned or given to his other children cash sums of money; that "at the time of the execution of such instrument (deed of October 5, 1934), it was the intention of all the parties thereto that Wilma would be divested of any title to the 363-acre tract and said deed was executed" in order that the mother might effectuate the intentions of herself and B. A. Robertson, deceased, and partition said estate of B. A. Robertson and herself among his heirs; and that the 1934 deed and the release were so executed in pursuance of an agreement entered into by all parties to both instruments and were parts of one general transaction to effectuate a partition of B. A. Robertson's estate.

Defendant answered with a general demurrer, denial and various special exceptions.

The jury found in response to special issue No. 2: At the time of the execution of the 1934 deed, it was the intention of the parties that said instrument should convey to the mother the 363-acre tract; No. 5: At said time it was the intention of defendant to give up any claim that she had to the 363 acres; No. 6: At the time of the execution of the release to the vendor's lien notes, the mother and the heirs and Wilma had entered into an agreement that the 363 acres should be the separate property of plaintiff; No. 7: That such a release was obtained in pursuance to such an agreement that the tract should be the separate property of plaintiff. Grounded upon above findings, the judgment decreed the 363 acres to be the separate property of plaintiff. The decree also adjudicated respective interests of litigants in an accounting and disposition of other property.

■ Predicated on assignments of error which relate to the sufficiency of the pleadings and of the admissible testimony to authorize the submission of the special issues or to support the judgment entered, appellant under points 1 to 6, inclusive, asserts: " * * * that in order to reform an instrument so as to include or omit a matter to comport with the true intention of the parties, it is necessary to plead and prove that such omission or inclusion occurred through accident, fraud, or mistake of the parties." It is to be pointed out that plaintiff did not plead nor does he now contend that any phrase, term or word was omitted or added in the 1934 deed or any other instrument through fraud, accident or mistake. His pleading contains no prayer for the reformation of any instrument. Under such condition of the pleadings, such of the testimony introduced over the objections of defendant, timely urged, which sought to vary the terms of the 1934 deed was inadmissible. 36 Tex.Jur. 773, Sec. 31, and authorities there collated; 23 R.C.L. pp. 360, 361.

■ Appellee contends that the 1934 deed contains sufficient particulars to afford or point out the means whereby identification of the property conveyed may be completed by parol evidence and it was not necessary to allege accident, fraud, or mistake to permit the introduction of parol and extrinsic evidence "to explain the ambiguity and to show that the 363 acres was intended to be conveyed by such instrument and especially the equitable title of plaintiff and defendant." In support of the above rule, appellee cites Miller v. Hodges, Tex. Com.App., 260 S.W. 168, 170; Smith v. Crosby, 86 Tex. 15, 23 S.W. 10, 40 Am.St. Rep. 818; 14 T.J. p. 988, Sec. 201, and authorities there listed. We deem it unnecessary to discuss the rule declared in these authorities, for if it be conceded under the rule here asserted by appellee that extrinsic and parol evidence was admissible to show and did show that the equitable title of Wilma passed into the mother by virtue of

the 1934 deed, such title of appellee, who also executed the same instrument, would have likewise passed. Such a result would give no support to the judgment which decrees the title into appellee as his separate estate. If, under above claim of appellee, the title passed into the mother, there is no conveyance of title out of her.

■ It is not alleged in the pleading nor is it contended by any evidence that the father prior to his death had exercised his right of rescission by virtue of being the owner of the vendor's lien retained in the 1928 deed. It is not contended that after the execution of the 1934 deed that the mother rescinded by virtue of being the holder and owner of the notes and liens incident thereto. Appellee has held and remained in possession of the tract, cultivating or leasing it out and collecting and enjoying its revenue from the date of the 1928 deed to the present time. According to the reading of the 1934 deed, Arnold and Wilma conveyed to the mother all their interest and title in all the property "owned, held and possessed by the said B. A. Robertson at the time of his (the father's) death." Until and unless the terms of this deed are set aside, it conveyed to the mother the title to the notes and vendor's lien incident thereto.

■ The 363-acre tract having been acquired in 1928 during marriage, it is presumably community property. Article 4619, R.C.S. of 1925, Vernon's Ann.Civ.St. art. 4619; Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881. Although bought entirely on credit, its status is that of community property, Kearse v. Kearse, Tex.Civ.App., 262 S.W. 561, and so remains charged with the indebtedness evidenced by the vendor's lien notes. The husband and wife cannot, by mere agreement, partition and transfer their community property one to the other, as asserted in appellee's counter propositions 4, 5 and 6, and thereby change the class of the estate which the law fixes in each. McDonald v. Stevenson, Tex.Civ. App., 245 S.W. 777, and authorities therein cited. Arnold and Wilma were living together and no divorce was contemplated at the time the 1934 deed was executed.

■■ In the disposition of other community property, the court did not take into account the revenues and charges incident to this tract. The amount of such items is not definitely shown. Having reached the conclusion that the 363-acre

tract belongs to the community estate, subject to the debt evidenced by the notes, the judgment is reversed and the cause remanded with instruction that upon another trial the accounting of receipts and expenditures include this tract, and further, that it be determined if the mother's release and delivery of the notes was intended as a gift to her son's separate estate or to the community; and if the former, the value of such gift as of October 6, 1934, the same to constitute a charge against such tract in favor of appellee's separate estate.

The judgment is reversed and the cause remanded.