**BURNAM et al. v. BLOCKER et al.**
No. 15326.

Court of Civil Appeals of Texas.
Fort Worth.

March 7, 1952.

Rehearing Denied April 4, 1952.

In 1921, J. J. Burnam and wife conveyed an 85 acre tract to one Jackson and reserved in the deed an undivided one-half interest in the minerals. As a part of the consideration a note in the sum of $1,200, secured by vendor's lien, was executed. Burnam transferred the note and lien to Charles R. Daniel, who later brought suit on the note and for. foreclosure of the lien against both Jackson and Burnam. The land, under execution, failed to sell for a sufficient price to satisfy the judgment. Thereafter, on November 6, 1925, execution on the judgment to satisfy the deficiency was levied on the mineral interest which had been retained by Burnam. The sheriff made his return showing a levy on one-half of the oil, gas and other minerals under the 85 acres of land and notice of sale was published. After the sale, the sheriff executed his deed to Daniel, describing the property as follows: "All of the estate, right, title and interest which the said J. J. Burnam had on the 5th day of January, 1926 or at any time afterwards, of, in and to the following described land situated in Wise County, Texas, to-wit: 85 acres of land out of the J. H. Williams 160 acre survey."

It is contended by appellants that the foregoing description in the sheriff's deed did not specify the mineral interest which had been levied on and therefore was insufficient to pass the title to said mineral interest.

We have two estates created out of this tract of land, one being the one-half undivided mineral interest retained by Burnam in his deed to Jackson, and the second estate consisting of all of the surface and remaining one-half of the minerals. The sale under the foreclosure proceedings fixed the title in the latter estate in Daniel and the only interest which Burnam owned was the mineral estate which he had theretofore retained. The proceedings in levying upon this estate to satisfy the deficiency judgment were regular in all respects except as to the description contained in the sheriff's deed, if that be an irregularity, no other complaint being made by the appellants, the sufficiency of the description in the deed being the sole point raised in this case.

W. E. Fitzgerald, Wichita Falls, for appellants.

Penix & Penix, of Graham, L. D. Eakman, of Bowie, Nolen L. Sewell, of Decatur, and Stegall & Stegall, of Fort Worth, for appellees.

CULVER, Justice.

This suit was brought by appellants, the heirs of J. J. Burnam and wife, for title to an undivided one-half of the mineral estate in a tract of 85 acres in Wise County. A "take nothing" judgment was rendered in favor of appellees, and appellants appeal.

■■ The requisites of a sale under execution seem to be a valid judgment, a proper levy, sale, and payment of the consideration. It is held that defects in a sheriff's deed do not destroy the purchaser's interest acquired under the sale. Logan's Heirs v. Pierce, 66 Tex. 126, 18 S.W. 343. Even in the absence of a sheriff's deed an action of trespass to try title will be supported. The giving of a deed by the sheriff, being a ministerial act, is not essential to investiture of title. Hollums v. Hicks, Tex. Civ.App., 179 S.W.2d 824.

■ It is the policy of the law to sustain execution sales and they are not to be set aside because of mere irregularities occurring in the procedure by which those sales are made. Hodges v. Commonwealth Bank & Trust Co., Tex.Civ.App., 44 S.W.2d 400.

We are of the opinion, however, that the deed in question was not defective. In Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, 705, Associate Justice Sharp of the Supreme Court asserts that "Oil and gas in place under land are regarded as real estate, and conveyances thereof are subject to the same rules governing the conveyance of real estate."

■■ It has long been held by the decisions of this state that a deed conveying all of the interest owned by the grantor in a certain tract will convey all of the interest which he owned, even though it be less than the entire tract. In the early Supreme Court case of Smith v. Crosby, 4 Tex.Civ. App. 251, 23 S.W. 10, 11, which has been cited many times with approval, it is said: "If he owned the entire tract described in the deed in fee simple, that passes to the vendee. If he owned a less estate in the entire tract, that passes. * * * If he owned an undivided interest in the whole tract described, or only in part of it, that which he owned will pass. The same rule applies to liens, sales, and conveyances made by sheriffs in obedience to executions, unless there be some rule of law making them exceptions." See also Brigham v. Thompson, 12 Tex.Civ.App. 562, 34 S.W. 358; Barber v. Robertson, Tex.Civ.App., 161 S.W.2d 341; White v. Glenn, Tex.Civ. App., 138 S.W.2d 914; Masterson v. Adams, Tex.CivApp., 197 S.W.2d 154.

Appellants rely upon the case of Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296, 298, 29 A.L.R. 607, in which, as here, the grantor Kennedy reserved a mineral interest in the deed of conveyance and retained vendor's lien notes. Kennedy transferred and assigned the notes to Rotan Grocery Company, the assignment reading in part as follows: "have bargained, sold and conveyed, assigned and set over to the said the Rotan Grocery Company my lien on said land and have and do hereby bargain, sell and quitclaim all my right, title, interest, estate, claim and demand, both legal and equitable, in and to said land and every part thereof, together with all and singular the hereditaments and appurtenances thereunto appertaining." The contention was made that by the language of this assignment, the grantor Kennedy had conveyed to the Rotan Grocery Company the mineral interest theretofore reserved by him. This contention was denied by the Supreme Court, the reason being that inasmuch as two estates had been created in the tract by the reservation of the mineral interest, the words "said land" in the assignment referred only to the land covered by the vendor's lien and not to the tract as it existed before the retention of the mineral interest. There was no foreclosure by the Rotan Grocery Company and no attempt to subject the mineral estate to execution for the payment of a deficiency judgment. We therefore think the case is not in point.

Believing the trial court correctly applied the law, the case is therefore affirmed.